WARING and others *vs.* CRANE and CANFIELD, Executors of, &c.

Where a bill is filed on behalf of an infant by his next friend, the infant cannot be personally charged with the costs, unless, when he arrives at 21, he adopts the proceeding and elects to prosecute the suit.

Where the suit is terminated before the infant becomes of age, the next friend will be chargeable with the costs unless there be a fund belonging

**1830.**

**Waring**
**v.**
**Crane.**

to the infant under the control of the court, and it appears that the suit was brought in good faith and with a bona fide intent to benefit the infant; in which case the court may direct the costs to be paid out of the fund. If the suit was improperly brought, and the infant, when he arrives at 21, elects to abandon it, he may apply for a reference to ascertain the fact, and the bill will then be dismissed with costs to be paid by the next friend. But if the suit was properly instituted for the benefit of the infant, and at 21 he elects to abandon it, he must, upon the dismissal of the bill, pay the costs of his next friend as well as those of the adverse party.

**March 16th** The bill in this cause was filed in July, 1824, in the name of the complainants, who were infants, by A. Brunson, as the next freind of W. Waring, and by W. Baker, as the next friend of the other three complainants; charging the defendants, who were executors, with mismanagement of the estate of the father of the complainants; and also alleging that one of the defendants was irresponsible. An injunction was granted restraining the executors from selling or disposing of the estate. In October, 1825, upon the application of the defendants, and with the consent of the counsel for the complainants, a receiver of the estate was appointed. On the fourth of March, 1827, W. Waring became of age; but without adverting to that fact the cause was brought to a hearing without giving any notice to him or calling upon him to appoint a solicitor. On the 16th of April, 1827, a decree for an account was made by the consent of the counsel for the defendants and of the guardians of the complainants. The cause was afterwards brought to a hearing on the master's report, but it being ascertained that one of the complainants was of age and had no notice of the hearing, the chancellor ordered the cause to stand over, that such complainant might have notice to appear and defend his rights. An order was subsequently made referring it to a master to enquire and report whether there were any just grounds for the commencement and prosecution of this suit; and whether the same had been prosecuted by the advice of counsel in good faith, and with the sole object of subserving the interest of the infant complainants; and to enquire and report whether the complainant W. Waring, since he became of age, had adopted the proceedings in the suit and assumed the agency and management thereof. The master reported that although there were ap-

1830.

Waring
v.
Crane.

parently, yet in fact there were no just grounds for the commencement of the suit; that the suit was commenced for the infants by the advice of counsel, and with the sole object of subserving their interests; that after W. Waring became of age, he took possession of the papers in the suit, and procured a master to proceed on the order of reference; and that since May or June, 1827, he had had the direction and management of the suit. After this report was made, the cause was brought to a final hearing, upon the pleadings, proofs, reports and the objections of the complainants' counsel to the last report.

*J. Edwards*, for the complainants.

*B. F. Butler*, for A. Brunson.

*P. S. Parker*, for the defendants.

THE CHANCELLOR. If a bill is filed on behalf of an infant by his next friend, and the bill is dismissed or a decree is made in the cause before the infant is of age, he cannot be personally charged with the costs. They are to be charged against the next friend, unless there is a fund under the control of the court belonging to the infant, in which case the court may direct the costs to be paid out of that fund. (*Taner* v. *Ivie*, 2 Ves. sen. 466.) But the costs will not be charged on the infant's estate, unless the court is satisfied the suit was brought in good faith, and with a bona fide intent to benefit the infant. (*Pearce* v. *Pearce*, 9 Ves. 547. *Whitaker* v. *Marlar*, 1 Cox's Cas. 285.) In *Turner* v. *Turner*, (2 Peere Wms. 297,) the next friend died before a decree in the cause. After the infant became of age, he refused to proceed in the suit; and the bill was dismissed against him with costs. But on a re-hearing in that case, Lord King reversed his former decree as to the costs, and decreed that the infant was not liable therefor. (1 Strange, 708. 2 Eq. Ca. Abr. 238, S. C.) If the suit was improperly brought, and the infant elects to abandon it when he becomes of age, he may apply to the court for a reference to ascertain the fact, and the bill will then be dismissed, with costs to be paid by the next friend.

But although the complainant elects to abandon the suit when he is of age, he cannot, as a matter of course, compel the next friend to pay the costs. If the suit was properly brought for the infant's benefit, he must pay the costs of the next friend, and also those of the adverse party, when he applies to dismiss the bill. (Anon. 4 Madd. R. 461.) If he elects to proceed in the cause after he is of age, the next friend is discharged from his liability, and the infant will be liable in the same manner as if the suit had been commenced by an adult. (1 Harrison, 474. Mitford, 26.) The only exception to this rule must be, the case that sometimes occurs, where a decree has been made during his infancy, by which the infant's rights are bound. There the suit cannot be abandoned, although it was not brought in good faith, and was against the interest of the infant. In such a case, if the infant applied in time, the court might compel the next friend to remunerate him for the costs and expenses to which his estate had been improperly subjected, although he was compelled to proceed under the decree. In this case, W. Waring became of age before the decree was made against the executors for an account. He afterwards elected to proceed under the decree, and took the management of the reference into his own hands. He has therefore affirmed the act of his next friend in bringing the suit, and it is too late for him now to insist that it was improperly brought. His proportion of the defendants' costs must be charged on him personally, or be paid out of his share of the estate.

The situation of the next friend of the two complainants who have not arrived of age is different. If the suit was now in a situation to have the bill dismissed without prejudice to the rights of the infants when they come of age, I should be disposed to charge the costs upon their next friend, on the ground that the suit was improperly instituted by him, and without taking ordinary care to inform himself as to the facts. But some embarrassment now arises from the decree of April, 1827, under which the accounts of the defendants have been taken. By the will of the testator the defendants were trustees, both of the real and personal estate, until the youngest child became of age; and it was their duty to take care of

it until that time, and then sell or divide it among the complainants. Instead of consenting to a decree for an account, and asking for the appointment of a receiver, they should have asked for a dismissal of the bill; to enable them to go on and execute the trust, and account to the heirs when they became of age. The report of the master upon that reference having been confirmed, that accounting, so far as it goes, must be considered final between the parties. But the defendants cannot take the legacies, which were evidently intended as a remuneration in part to them for the execution of their trust under the will, and abandon the trust. As they have been guilty of no misconduct or breach of trust they are entitled to the costs of defending this suit and of taking the account, to be paid out of the fund. The injunction must be dissolved and the receiver discharged; and he must account with and pay over to the defendants the balance, if any in his hands, and deliver to them all property which has come to his possession. In case of disagreement, his accounts must be passed before a master residing in the county of Jefferson. The decree must direct the defendants to proceed and execute the trust according to the directions of the will, and to distribute the property among the complainants when they become of age, respectively, retaining out of the share of each one third of the costs of this suit. It must reserve to the complainants the right to apply to the court for further directions as they shall be advised, if they cannot settle the estate amicably with the executors; but the account, as far as it has been taken is to be conclusive upon both parties. The defendants are also to be at liberty to apply to the court from time to time as they shall be advised, for directions in relation to the execution of their trust; giving the usual notice of such application to the complainant who is of age or to his solicitor, and to the guardian of the infants. The right is also to be reserved to each of the complainants who are infants, at any time within six months after they come of age, and notwithstanding any acts done by them under the decree in this cause, to ap-

ply to the court for such order and direction in relation to the costs, as between them and their next friend, as may be just.