CAMPBELL and others, executors, &c. *vs.* BOWNE and others.

Where a feme sole, who should have been made a defendant, marries after the commencement of the suit against the other defendants, she cannot be brought before the court with her husband by an amendment of the original bill; but a supplemental bill will be necessary.

But if a feme sole marries after suit brought against her, the suit does not abate; and it is only necessary to make a suggestion of the marriage, and to obtain an order that the husband and wife be named as parties in the subsequent proceedings.

The coming of age of an infant party does not abate the suit; nor does it render a supplemental bill necessary, unless his interest in the subject of the suit is changed by that event.

Where an infant defendant, upon coming of age, neglects to appear by a solicitor in the place of his guardian, the complainant must apply for an order that he appoint a solicitor, as in cases of the death or removal of the solicitor of a party.

The provision of the revised statutes, that an executor of an executor shall have no authority to commence or prosecute an action relating to the estate of the original testator, did not abate a suit properly commenced by such substituted executor before the revised statutes went into effect. But the right to continue the suit is suspended until administration de bonis non is granted; when the court, upon a proper application, will make an order that the suit proceed in the name of the administrator so appointed.

Where new parties are brought before the court, either by amendment or otherwise, who should have been made parties to the original bill, such new parties may avail themselves of any valid defence which they had, under the statute of limitations or otherwise, at the time they were actually made parties to the suit.

THIS was a petition to revive, and for leave to file a supplemental bill and to amend the original bill. The suit was commenced in February, 1828, by the complainants, as executors of William Edgar the younger, who was the executor of William Edgar the elder, to foreclose several mortgages given to the latter by R. L. Bowne. At the time of filing the bill, the mortgagor was dead; and Naomi Bowne, his widow, and nine other persons who were alleged to be his heirs at law, together with fifty-three judgment creditors, were made defendants. The widow, and five of the persons named in the bill as heirs at law of the mortgagor, appeared; four of them, being infants, appeared by the fifth as their guardian.

Three of such infants had since become of age ; and one of them, a female, had intermarried with J. B. Skillman. Nine of the persons named as judgment creditors also appeared in the cause, but no further proceedings were had therein previous to the supposed abatement of the suit, by the operation of the revised statutes, in January, 1830. Before the filing of the bill, Rowland L. Bowne, one of the heirs of the mortgagor, had died, leaving a widow and two children ; and by his will had authorized his executor and executrix to sell his real estate, and divide the proceeds among his children. And the widow subsequently married Chester Jarvis. But the fact of the death of R. L. Bowne being unknown to the complainants, he was, by mistake, made a party defendant ; and Emma Bowne, one of his children, was also, by mistake, made a defendant as one of the children and heirs of the mortgagor. Three other persons, who had no interest in the premises, were, by a similar mistake, made defendants, as heirs of the mortgagor ; and four others, who were children and heirs, were not made parties. The petitioner, H. L. R. Edgar, who had taken out letters of administration with the will annexed, upon the estate of W. Edgar the elder unadministered, asked to revive the suit in his name as such administrator, and for leave to amend the original bill, by striking out the names of those who had been improperly made parties defendants, and substituting the names of those who had been left out by mistake, with appropriate charges as to their several interests in the premises ; and for leave to file a supplemental bill, for the purpose of bringing before the court such other persons as had acquired any interest in the premises, subsequent to the commencement of the suit.

*J. Rhoades*, for the petitioner.

THE CHANCELLOR. If there had been no change of parties since the filing of the original bill, and no change in the interest of those who should then have been made defendants, the amendments asked for would have been allowed as of course. A difficulty, however, is presented in this case from the fact that the widow of R. L. Bowne, who should

1835.

Campbell
v.
Bowne.

have been made a party to the original bill but was not, has since that time intermarried with Jarvis; and the husband must now be made a party to the suit. The case is otherwise with Eliza Bowne, who was served with process while a feme sole, but who has subsequently intermarried with Skillman. The suit does not abate by the marriage of a female defendant; neither is it necessary to file a supplemental bill to bring her husband before the court. It is only necessary, in such a case, to make a suggestion of the marriage and obtain an order that the husband and wife be named as parties in the subsequent proceedings. (*Mitford's Pl.* 58. 1 *Hoff. Pr.* 385.) As this suit is now situated, there must be a supplemental bill to get the widow of R. L. Bowne and her husband before the court; and in that bill the complainant may state, by way of amendment, the interests of all such parties as should have been made defendants to the original bill, and, by way of supplement, may state such new interests as have occurred by marriage or otherwise; he may thus bring all the necessary parties who are now interested in the premises, before the court. The original bill may also be amended, by striking out the names of all the defendants who had no interest in the premises at the time that bill was filed, together with the allegations as to their interests. This suit is not abated, or this amendment could not be allowed in the present state of the cause. The coming of age of an infant defendant, or even of an infant complainant, does not abate the suit; nor does it render a supplemental bill necessary, unless his interest in the subject of the suit is changed by that event. Where an infant defendant has appeared by guardian, the proper course for the complainant, if the defendant does not himself voluntarily appear by a solicitor after he is of age, is to apply to the court for an order that he appoint a solicitor; in the same manner as where the solicitor of a defendant dies, or is removed or suspended.

The suit was not technically abated by the operation of the provision of the revised statutes, which declares that an executor of an executor shall have no authority to commence or maintain any action or proceeding relating to the estate, effects, or rights of the original testator. (2 *R. S.* 448, § 11.)

1835.

Campbell
v.
Bowne.

But when the revised statutes went into operation, the right further to prosecute the suit was suspended, until administration de bonis non was granted to the petitioner, as authorized by the seventeenth section of that article of the statute which relates to the granting of letters testamentary. (2 R. S. 71.) Although some of the executors of the original testator survived William Edgar the younger, who alone had proved the will, yet, as they subsequently renounced the executorship, letters testamentary were properly granted to the petitioner ; in the same manner as if such renouncing executors had been actually dead, or had not been named in the will. The fourteenth section of the title of the revised statutes, relative to the rights and liabilities of executors and administrators, (2 R. S. 115,) is, therefore, applicable to this case ; as the suit was commenced by executors who have become incapable of acting any further in the affairs of the estate of the first testator. And the suit must now be continued in the name of the petitioner, as the person who has succeeded to the rights of the executors of the acting executor in the prosecution of this suit. If the change of the rights of the complainants were the only defect necessary to be remedied in this case, it would have been sufficient for the administrator de bonis non to have made an affidavit of the facts, and, upon a regular notice to the parties who had appeared in the cause, to have applied for an order that the suit proceed in his name instead of the names of the original complainants, who are superseded in their trust, as to the estate of W. Edgar the elder, by the operation of the revised statutes. But as it is necessary for the petitioner to file an original bill in the nature of a supplemental bill, for the purpose of bringing some new parties before the court as defendants, the proper course for him appears to be, to file such bill in his character of administrator de bonis non, for the purpose of having the benefit of the former proceedings in the suit ; and in the same bill to set out the necessary facts, either as amendatory, or as supplemental matters, for the purpose of bringing all persons now having any interest in the mortgaged premises, before the court. He is therefore entitled to an order for leave to file such a bill ; in which he may make the whole proceeding *rectus in curia,* even

without any amendment of the original bill; as it will be sufficient for him to state the mistakes which have occurred as to parties in such original bill, and the change of interest which has taken place as to other parties, either by lapse of time or otherwise, as reasons for not making persons parties to the supplemental bill who never had any interest in the subject matter of the suit, or whose interest therein no longer exists. Such a bill will be in the nature of an original bill as to those persons who should have been made parties in the first place, and will be a supplemental bill as to those who were served with process in the original suit, or who have subsequently derived title through or under them.(a)    The *rights of the new parties* would be the same upon an amendment of the first bill; as the court cannot, by an amendment, deprive those who are made parties by such amendment, of any defence which they had, either under the statute of limitations or otherwise, when they were actually made parties to the suit.

(a) See *Asbee* v. *Shipley*, *Mad. & Geld. Rep.* 296, S. P.