BESSIE CLAY, by RALPH STONE, HER GUARDIAN AD LITEM, RESPONDENT, *v.* LYMAN M. BAKER and HENRY L. SCHWARTZ, APPELLANTS.

*Pleading — verification of a complaint in an action by an infant — the guardian* ad litem *verifies as a party and not as an agent or attorney — Code of Civil Procedure, secs.* 525, 526.

In this action, brought by the plaintiff, an infant by her guardian *ad litem,* the complaint was verified by the latter by an affidavit stating that the complaint was true of his own knowledge, except as to those matters therein stated to be alleged on information and belief, and as to those matters he believed it to be true. The defendant claimed that the verification was ineffectual because it did not set forth the grounds of the guardian's belief and the reason why it was not made by the party.

*Held,* that the claim could not be sustained; that the guardian was the party pleading, for the purposes of verification; and that he did not verify it as an agent or attorney within the meaning of sections 525 and 526 of the Code of Civil Procedure.

APPEAL from an order of the Erie County Court, denying a motion to compel the plaintiff to receive an unverified answer.

The plaintiff is an infant, and her guardian *ad litem* verified the complaint by an affidavit stating that he was such guardian and that the complaint was true of his own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters he believed it to be true. The defendants served an answer without verification, which was returned because it was unverified. Thereupon the defendants moved to require its acceptance as an answer to the complaint, and from the denial of the motion this appeal is taken.

*A. C. Calkins,* for the appellants.

*Ralph Stone,* for the respondent.

BRADLEY, J.:

The contention of the defendants is that as the affidavit was not made by the party plaintiff it was ineffectual as a verification, because it did not set forth the grounds of his belief and the reason why it was not made by such party. The statute provides that the verification must be made by the affidavit of the party, except that under certain prescribed circumstances it may be made by the agent or attorney (Code Civil Pro., § 525); and that when made by a person other than the party he must set forth in the affidavit the grounds of his belief as to all matters not stated upon his knowledge and the reason why it is not made by the party. (Id., § 526.) The guardian is not a party plaintiff to the action. (*Sinclair* v. *Sinclair,* 13 Mee. & Welsb., 640.) But he prosecutes the action, and the complaint is his pleading in behalf of the infant plaintiff. And the latter cannot be required to verify the pleading; nor is it any evidence against her, nor does it conclude the infant party. (2 Kent's Com., 245; 3 Greenl. Ev., § 278; *Bulkley* v. *Van Wyck,* 5 Paige, 536; *Stephenson* v. *Stephenson,* 6 id., 353.)

The statute provides for verification by a party, and by an agent or attorney only. The guardian *ad litem* does not come within the meaning of the term agent or attorney, as that term is usually understood or applied; and if he cannot be deemed a party the verification of a pleading by him as such is not within the statute

or provided for by it. But such guardian was appointed to prosecute the action in behalf of the infant; the complaint is his pleading and not that of the infant, and in that sense he is the party pleading and, therefore, the party, within the contemplation of the statute, who may, as such, verify a pleading.

In *Anable* v. *Anable* (24 How., 92) it was remarked that the guardian verifies as a party and not as an attorney or agent of the party, and although the question was not necessarily in that case the rule there stated is in accord with the view which before the Code prevailed, as to his relation to the pleadings and proceedings in the prosecution and defense of suits in behalf of infant parties. And in those in chancery, where oath to bill or answer was made or required, it was that of the guardian only, because he was deemed the party or person upon the record prosecuting or defending, and the bill or answer his. (1 Barb. Ch. Pr., 148, 149; *Rogers* v. *Cruger*, 7 Johns., 587.) There is nothing in the statute which can fairly be treated as a purpose to change such relation or to so qualify the term party as to confine it to the party to the action, as distinguished from the party pleading, for the purposes of verification. The guardian *ad litem* for that purpose is a party upon the record, and by him the infant appears and prosecutes, with the right of the latter to inquire, on arriving at full age, during its pendency, whether the guardian has properly prosecuted the action, and to abandon it and charge him with costs if he has not. (*Waring* v. *Crane*, 2 Paige, 79.) This relation to the record is not questioned in *People ex rel. Baker* v. *New York Common Pleas* (11 Wend., 164).

The affidavit of verification seems to have been properly made by the guardian as such in the form as by a party.

The order should be affirmed.

Smith, P. J., Barker and Haight, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.