## Ohio Valley Tie Company v. J. F. Hayes, by next friend, J. M. Massey.

(Decided May 10, 1918.)

## Appeal from Butler Circuit Court.

1. Partnership—Evidence.—Evidence examined and held insufficient to establish a partnership relation, or principal and agent between the two defendants.

2. Partnership—Creation and Requisites.—Where one furnishes money to another to be used in a business, the whole sum to be repaid with interest, or with a share of the profits, a partnership relation is not created; but where the money is furnished as a part of the invested capital with the expectation of receiving a part of the profits or a part of the gross receipts, a partnership is created.

3. Partnership—Torts—Parties—Evidence.—Where two defendants are sued jointly for a tort, and the evidence shows that one of them was actually operating the mill, and there is evidence tending to show that the other defendant was a partner in the mill, or was the owner and operator thereof, and that the first party was merely the agent carrying on the work for the second party, both parties are liable for the negligence, if either is liable, and the trial court should not have required the plaintiff to elect against whom he would prosecute his action.

BASKIN & VAUGHN and N. T. HOWARD for appellant.

PROCTOR & GARDNER, B. F. PROCTOR and W. R. GARDNER for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

A young man named J. F. Hayes, by his next friend, J. M. Massey, instituted this action in the Butler circuit court to recover of the Ohio Valley Tie Company, incorporated, and Lyons and Livers, a partnership, damages for personal injury sustained by him while working at a sawmill, which he charges was owned and operated by said corporation and partnership jointly. Each of the defendants answered and denied the averred negligence and pleaded contributory negligence on the part of Hayes. By the traverse issue was made upon the question of who operated the mill, each defendant denying the allegation of the petition that it operated the mill. The evidence is very unsatisfactory as to which of the defendants was the master of the mill. But it is conceded that the partnership of Lyons and Livers was in charge of and conducted the business at the mill, and it is claimed by

each of the defendants that the Ohio Valley Tie Company had no interest in or control over the mill further than that it was to receive ten per cent. of the gross returns from all shipments of the products of the mill after the payment of freights, in return for money loaned by it to the partnership with which to carry on the business. At the conclusion of the evidence for the plaintiff the defendants each entered a motion to require the plaintiff to elect against whom he would prosecute his action, and the court sustained this motion, whereupon the plaintiff elected to prosecute his action against the Ohio Valley Tie Company; thereupon the court dismissed the action as to Lyons and Livers; it then overruled a motion for peremptory instructions made by the Tie Company; the defendant then called Mr. Lyons as a witness, who testified in chief concerning the accident to young Hayes, but he was not asked in chief concerning the management or ownership of the mill. Upon cross-examination he was asked to and did explain the relation which existed between the Tie Company and the partnership of Lyons and Livers. Incidentally he stated that there existed a written contract between the partnership and corporation but that he did not have a copy of this contract and that it was perhaps in the office of the Tie Company. There is some evidence also to the effect that Lyons had stated on different occasions that the Tie Company was providing the money with which to pay for the operation of the mill and that he and Livers were the agents of the Tie Company. It is also admitted by the Tie Company that it provided the money with which to pay laborers at the mill as well as to buy timber to be manufactured on the mill. Several men who worked at the mill testify to receiving checks of the Tie Company in payment for wages and this was also stated by Hayes. All the product of the mill was shipped in the name of the Ohio Valley Tie Company, and all checks and drafts in payment of such shipments were made payable to and received by the Tie Company. There was, however, no competent evidence sufficient to warrant the conclusion that Lyons and Livers were the agents of the Ohio Valley Tie Company, or that the two composed a partnership. While the Tie Company received a share of the gross returns on all shipments, it did not participate in the profits. Generally a sharing in gross receipts is regarded as an indication that the parties did not intend to be and were not, in fact, part-

ners because a partnership presupposes that ultimately the partners will divide net profits only, but this can not be done until all of the expenses and losses have been paid out of the gross receipts. 30 Cyc. 378. Only in cases where the parties themselves intend a partnership will an agreement between the persons to share the gross receipts of the business, as in the case at bar, render the persons thus participating liable as partners to third persons. The test of partnership seems to be the manner of the placing of the capital or money provided; that is to say, if the money provided by one party is a loan on interest, or for a share of the profits and is to be repaid in full with such interest, or share of profits, the person thus providing the money is not a partner; but on the other hand if the capital or money provided is turned into the business for the purpose of obtaining a share of the profits or gross receipts and to be used as a part of the invested capital, the persons thus associating themselves are partners. If the partnership and corporation were partners then each was the agent of the other; and if they were not partners and Lyons and Livers were operating the mill as the agents only of the Tie Company, both were liable, if either was liable, for the tort, and the trial court should not have required the plaintiff to elect against which defendant he would prosecute his action.

There are several other questions made by appellant which we deem unnecessary now to consider in view of the fact that a new trial must be had. If the plaintiff, Hayes, has arrived at the age of twenty-one and desires to do so, he may, by motion, be permitted to prosecute this action in his own name, or in his name by next friend in case he has not yet attained his majority. We do not regard as serious any of the questions made by appellant, except the one as to who operated the mill.

On the question of partnership, the contract which existed between the Ohio Valley Tie Company and Lyons and Livers with reference to the operation of the mill would no doubt shed much light. At any rate, agency can not be established by proof of statements or admissions of the alleged agent, but the acts and conduct of the parties are competent to that end. When the partnership between the defendants is established, or the agency is made to appear, if either of these things are found to exist upon another trial, the court

will peremptorily instruct the jury that the partnership or agency exists, and submit only the question of negligence and contributory negligence to the jury. But if there be a contrariety of evidence on the question of the existence of the partnership or agency, the trial court will submit to the jury the question as to whether or not the two defendants were partners in the mill, or whether or not Lyons and Livers were the agents of the Ohio Valley Tie Company, under proper instructions as to what constitutes a partnership or agency, according to the facts.

Judgment reversed for a new trial in conformity to this opinion.