## Elkhorn Coal Corporation v. Guttadora, an Infant, By, &c.

(Decided March 8, 1921.)

Appeal from Letcher Circuit Court.

1.  Exceptions, Bill of—Bystanders' Bill—Where, after overruling the motion of an unsuccessful litigant for a new trial, granting him an appeal and giving him until a day certain of the succeeding term to file a bill of exceptions, the judge of the circuit court who presided on the trial and overruled the motion for a new trial, dies within the time fixed for filing the bill of exceptions, the filing of a bystanders' bill is allowed by Civil Code, sec. 337, subsection 5.

2. Infants—Right to Sue—Demurrer.—Where, in an action of an infant by his next friend, the latter's residence in this state, his freedom from disability and right to sue for the infant are neither stated in the petition, verified by his oath, nor in an affidavit from him accompanying the petition, the absence from the record of such a showing of his right to sue for the infant, may be objected to by special demurrer or by a motion to dismiss. But in either case the objection must be made before the filing of an answer by the defendant presenting his defense, otherwise it will be regarded as waived.

3. Infants—Pleading.—The ruling of the trial court permitting the appellee, two years after the institution of the action by next friend, to file an amended petition alleging his arrival at twenty-one years of age and right to maintain the action in his own name alone, was not error.

4. Master and Servant—Negligence—Printed Rule.—Where in an action by a servant against his master to recover damages for personal injuries alleged to have been caused by the latter's negligence, a ground of defense relied on was that the injuries of the servant were wholly caused by his own negligence in wilfully putting himself in a place of danger forbidden by a printed rule of the master with which he was familiar, and there was evidence supporting such defense, the refusal of the trial court to give an instruction offered by the master which properly told the jury the effect of such violation of the rule was reversible error.

FIELDS & FIELDS, E. C. O'REAR, W. YOUNG and W. G. DEARING for appellant.

C. W. NAPIER, D D. FIELDS and T. E. MOORE, JR., for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This is an appeal from a judgment of the Letcher circuit court, entered upon the verdict of a jury awarding the appellee, Joe Guttadora, $7,000.00 damages against the appellant, Elkhorn Coal Corporation, for personal injuries sustained by him, as alleged in the petition, through the negligence of the latter. The appellant is engaged in the business of mining and selling coal in Letcher county and owns and maintains in and about its mine railroad tracks and switches upon which it operates by electricity and the use of motors, cars for removing and hauling all coal mined to a nearby railroad over which it is shipped to various markets.

It is alleged in the petition that the appellee, by appellant's employment, entered its service as a brakeman

or mine helper about a month before his injuries were received, the duties required of him being such as are incident to the "breaking" of cars, opening and closing of mine switches and mine trap doors, in hauling coal from the various entries of the mine penetrated by car tracks. The manner of receiving his injuries is set forth by appellee in the petition as follows:

"That on or about July 2, 1915, while riding in one of the empty cars in performance of his duties, which car, with others, was being propelled over the tracks in the mine of the defendant, one of said cars jumped the track causing the train of cars to be wrecked and the plaintiff thrown therefrom; that the car jumped the track and split the switch at or near entry number 5, and after throwing plaintiff from the forward car in which he was riding, said cars were further driven over and upon plaintiff, crushing and greatly injuring his right foot."

It was also alleged in the petition that the injuries thus sustained by appellee, were caused by the negligence of appellant in failing to provide him a reasonably safe place in which to work, and that the derailment of the cars and his consequent injuries resulted from its negligence in permitting such an accumulation of dirt upon and against the switch track entry in question as obstructed and prevented the cars from moving over and remaining upon the same. By an amended petition it was alleged that the cars of appellant were derailed and appellee injured because of its further negligence in failing to provide the track at the place of the accident with guard rails, which would have prevented the cars from being thrown from the track. Shortly after the institution of the action it was, upon appellant's petition therefor, transferred by the Letcher circuit court to the United State district court for the easern disrict of Kentucky, but that court refused to take jurisdiction of the case and, upon appellee's motion, by proper order, remanded it to the Letcher circuit court. After its return to the latter court appellant filed its answer to the petition which specifically denied the several acts of negligence therein charged against appellant and alleged contributory negligence and assumption of risk on the part of appellee; which pleas were controverted by reply.

Before taking up the several grounds urged by appellant for the reversal of the judgment appealed from, we find it necessary to pass on a motion made by the appellee

to strike the bill of exceptions from the record, consideration of which was postponed to the submission of the appeal on its merits. The motion is based on the grounds that, though filed within the time fixed by the order of the circuit court, the bill of exceptions can not be considered by the appellate court, because (1) it is a bystanders' bill; (2) it does not bear the approval or certification of the judge who presided at the trial of the case in the circuit court. It is apparent from the following facts that the motion can not prevail: The case was tried during the August term, 1919, of the Letcher circuit court and the appellant's motion for a new trial overruled at the same term; and when overruled an appeal was granted and appellant given until the 10th day of the next regular (January 1920) term of the court in which to file its bill of exceptions. It appears from the record that before the beginning of the August term, 1919, of the Letcher circuit court, the circuit judge of that court and of the judicial district in which Letcher county is situated, the Hon. John F. Butler, died, and that Judge Childers was duly appointed and commissioned circuit judge of the district by the Governor to fill the vacancy in the office caused by Judge Butler's death until a successor to the latter could be elected at the regular election in November, 1919. So Judge Childers properly presided as judge of the Letcher circuit court throughout its August term and during the trial of this case at that term, and therefore had the authority to allow appellant the extension of time to a day in the succeeding January term, 1920, within which to file the bill of exceptions; but as after the trial and granting of time to file the bill of exceptions, Judge Childers went out of office and was succeeded by the present incumbent, Judge Roscoe Vanover, who was duly elected at the regular election in November, 1919, his approval of or signature to the bill of exceptions upon or after the filing thereof in court at the January term, 1920, and within the time fixed by the order of the previous term, would have been unauthorized. It is equally true that the approval and certification of the bill by his successor in office, Judge Vanover, who properly presided as judge of the Letcher circuit court at its January term, 1920, was upnnecessary and added nothing to its authenticity. Manifestly in the situation presented by the facts stated appellant could have obtained in no other way than through bystanders a bill of exceptions for the

purposes of an appeal. Civil Code, section 337; Sandy Valley and Elkhorn Railway Co. v. Bentley, 175 Ky. 756; U. S. Fidelity and Guaranty Co. v. Travelers Ins. Machine Co., 167 Ky. 382. It follows from what has been said that the course pursued by appellant in the matter of preparing and filing its bill of exceptions as certified by bystanders, was authorized by the Civil Code, sec. 337, subsec. 5, and the construction given its provisions by us in the several cases, *supra*. For the reasons stated appellee's motion to strike the bill of exceptions from the record is overruled.

Looking now to the several grounds relied on by the appellant for a reversal of the judgment, we find that it first complains of the refusal of the trial court to sustain its motion to dismiss the appellee's action because of the failure of the next friend suing for the latter to file with the petition an affidavit showing his qualifications and right to maintain the action in that capacity. The motion was rested upon the Civil Code, sec. 37, subsec. 1, which provides:

"No person shall sue as next friend unless he reside in this state and be free from disability, nor unless he file his own affidavit showing his right to sue as next friend according to the provisions of this chapter."

The absence from the record of such an affidavit by the next friend may be objected to by special demurrer, as for want of capacity in him to maintain the action, or by motion by the defendant to dismiss it, but in either case the objection must be made before the filing of an answer by the defendant presenting his defense. Staton v. Bryant, 5 R. 426; Campbell v. Creher, 110 S. W. 353. But even when the motion is so made, the next friend should still be allowed to file the necessary affidavit if he asks to be permitted to do so. In the instant case, however, the motion of appellant to dismiss the action came too late as it was not made until after the case had been remanded from the federal court to the Letcher circuit court and after the filing of its answer; hence the action of the circuit court in overruling it, was not error.

Appellant also complains of the ruling of the trial court in permitting appellee two years or more after the institution of the action, to file an amended petition setting up the fact that he had become twenty-one years of age and asserting the right to maintain the action in his own name. This ruling of the court was not error, for it

is allowable under the practice in this jurisdiction to permit an infant whose action is prosecuted by a next friend upon arriving at age, to be substituted as plaintiff, which may be done by a suggestion of record or the filing of an amended petition.    Clements v. Ramsey, 9 R. 172.    Nor was it, as claimed by appellant, error for the court to allow appellee to set up in the amended petition in question as a further act of negligence on appellant's part causing his injuries, its alleged failure to   provide   its   railroad track at the place of the accident with guard rails.    Such act of negligence did not constitute a new cause of action, but was germain to and a part of its negligence, if any, in failing to provide appellee a reasonably safe place for his work, complained of in the original petition.

We find, however, that the trial court committed a reversible error in refusing instructions A and B offered by appellant, the first relating to the appellee's violation of a printed rule forbidding its servants to ride upon the bumpers of its cars and properly advising the jury of the effect of a wilful disobedience of its warning.    Both by plea and proof appellant relied on appellee's alleged violation of this rule as a defense; and while his evidence tended to show that he was riding in and not upon the bumper of the forward car when thrown off and injured, that of appellant conduced to prove that he was then riding on the bumper, a place of great danger, and that he was familiar with the printed rule forbidding it, which was kept posted at the entrance of and in other conspicuous places in and about the mine.    We have repeatedly and consistently held that where the servant knowingly and willfully violates a printed rule provided by the employer for his safety, and there is proof tending to show that his injuries may be attributed to its violation by him, there can be no recovery.    L. & N. R. R. Co. v. Moran, 148 Ky. 418; L. & N. R. R. Co. v. Kroft, 156 Ky. 66; L. & N. R. R. Co. v. Smith's Admr., 186 Ky. 35; 26 Cyc. 1267. Appellant was also entitled to instruction B relating to assumption of risk, as this defense was also relied on by appellant.    Obviously, the action of the trial court in refusing these instructions was prejudical   to   appellants' substantial rights.

The court should therefore have given instructions A and B, either as offered, or in such language  as  would have given the jury the meaning of the law they intended to convey.    We find no material error in the instructions

that were given. But on account of the error in refusing instructions A and B, the judgment is reversed and cause remanded for a new trial consistent with this opinion.