KARL BOLDIN and Another, Plaintiffs, *v.* HOWARD C. SMITH and Others, Defendants.

Supreme Court, Trial Term, Greene County, November 23, 1936.

*N. Joseph Friedman*, for the plaintiffs.

*Brown & Gallagher*, for the defendant Lacy.

*Rosendale & Dugan*, for defendants Smith and Addis.

FOSTER, J.   Plaintiff Otto Boldin was the owner of an automobile, in which he and the plaintiff Karl Boldin were passengers, and which, at the time of the accident, was being driven by another. The owner, of course, was liable for the negligence of his driver; the other passenger was not.   The other car was owned by the defendants Smith and Addis, and operated by an agent of the defendants Lacy, with the consent of the former.   If actionable negligence was shown against the defendants' driver, all defendants were liable.

The jury found a verdict in favor of the plaintiff Karl Boldin, and no cause of action against the plaintiff Otto Boldin, indicating, of course, that both drivers were negligent.   Under the circumstances, and irrespective of authorities which appear to be conflicting, I do not think the defendants entitled to costs.

But on the basis of authority it seems to me that principles enunciated in *Salimoff & Co.* v. *Standard Oil Co. of New York* (259 N. Y. 219) ought to control. As indicated in such case, section 209 of the Civil Practice Act was enacted to avoid unnecessary litigation and expense, and under it all persons whose claims involve a common question of law and of fact may be joined as plaintiffs in one action. In this action, in so far as the plaintiffs were concerned, there was the common question of fact as to the negligence of defendants' driver. This was a sufficient unity of interest, and differences on the question of contributory negligence or the form of the complaint did not destroy the entity. As one entity the plaintiffs or either of them could recover but one bill of costs, and by the same token the same rule must apply to the defendants or any of them.

Motion granted, with ten dollars costs.