JOHN McCARTHY, JR., an Infant, by JOHN McCARTHY, SR., His Guardian ad Litem, and JOHN McCARTHY, SR., Plaintiffs, *v.* ANNA ANABLE and HENRY ANABLE, Defendants.

Supreme Court, Special Term, Greene County, November 23, 1938.

*N. Joseph Friedman*, for the plaintiffs.

*Harry J. Semenoff*, for the defendants.

BERGAN, J. A verdict has been rendered by a jury in favor of the defendants. Costs have been taxed by the defendants. The plaintiffs object to the taxation and apply to review it pursuant to section 1536 of the Civil Practice Act.

Upon the argument it is stated by the attorney for the defendants that the plaintiff John McCarthy, Jr., who, at the time of the institution of the action, was an infant, is now of age and

that he reached his majority between the first and second trials of the action. There is no proof of this upon the record, although the fact seems to be conceded by the attorney for the plaintiffs. The authority of the guardian *ad litem* to appear in the action for the infant terminated upon the infant's becoming of age, but this did not operate to abate the action. It did not invalidate any of the proceedings taken prior to and including the entry of judgment.

The primary question presented upon this motion is whether for the purpose of determining the right to costs the guardian *ad litem* may now be regarded as having in fact been dropped from the action when the infant reached his majority, or whether, in view of the termination of the action by the entry of judgment and the failure to make an order during its pendency dropping the guardian *ad litem* therefrom, the guardian must be treated for the limited purposes of this motion as having properly continued to act for the former infant.

The rule has long been established in this State that when an infant party to an action becomes of age he may discontinue the action. (*Waring* v. *Crane*, 2 Paige, 79, 82.) There Chancellor WALWORTH said concerning the infant's rights: " If he elects to proceed in the cause after he is of age, the next friend is discharged from his liability, and the infant will be liable in the same manner as if the suit had been commenced by an adult."

There is usually little formality necessary to drop the guardian or next friend who has been acting for the infant when the infant reaches his majority. An order may be entered upon a " suggestion on the record " that the infant has become of age. That suggestion, however, as nearly as I have been able to ascertain has always been received during the pendency of the action and it would seem to me that after the action is concluded and a judgment has been entered in the form and under the title in which the action has been maintained some more formal motion based upon proof of the fact of the termination of infancy and designed to correct the omission during the pendency of the action should be made.

The authorities in several jurisdictions throw some collateral light upon the problem, although in no case that I have found has the precise situation of suggestion of infancy after judgment as affecting the rights of the parties to costs been considered.

In *Breese* v. *Metropolitan Life Ins. Co.* (37 App. Div. 152, 153) it was held that during the pendency of the action, by a suggestion entered on the record, the action of the former infant could have been continued in his own name as the real party in interest. In

*Shuttlesworth* v. *Hughey* (6 Rich. Law [S. C.], 329; 60 Am. Dec. 130) the Court of Appeals of South Carolina said: " If an infant plaintiff, pending the suit, shall attain full age, he is generally permitted to stop the proceedings whether he is sole or co-plaintiff with others. The action does not abate when he is of age, and he can elect, whether he will proceed or not. If he shall continue to prosecute his action, the subsequent proceedings may be carried on in his own name; and no amendment of his declaration is necessary for that purpose. A suggestion on the record, that he has attained to full age is sufficient." In *Bernard* v. *Pittsburgh Coal Co.* (137 Mich. 279; 100 N. W. 396) the Supreme Court of Michigan said: " It is well settled that plaintiff, on arriving at his majority, may, if he elects, prosecute a suit commenced when he was a minor by his next friend. * * * It seems proper in such a case by a formal amendment of the record to show that the suit is prosecuted by plaintiff himself. This may be done either by striking out the name of the next friend * * * or by a suggestion of record that plaintiff has attained his full age. * * * We should not, however, reverse a judgment for a failure to make such an amendment, which it seems may be made as a matter of course * * * unless that failure was in some manner prejudicial to defendant. As the record stands, it indicates that the next friend, and not plaintiff himself, is responsible for any costs that might be awarded defendant. * * * If, therefore, defendant had prevailed in this suit, it might possibly have contended that its right to collect its costs from plaintiff was prejudiced by the failure to make the amendment under consideration; though it is probable that in that case its rights would have been protected by an amendment *nunc pro tunc*."

The proper method of procedure, it has been said, is to strike from the complaint the allegation as to non-age and the appointment of a guardian *ad litem* and continue the action in the name of the plaintiff. (*Seigler* v. *Southern Railway Co.*, 85 S. C. 345; 67 S. E. 296.) In Kentucky it has been said that upon an infant's becoming of age the next friend was no longer a necessary party and the action as to him abated. (*Lambert* v. *Corbin*, 194 Ky. 373; 239 S. W. 453.) The court there added, however, that " the fact that the next friend's name was not stricken from the proceeding did not in our opinion invalidate the proceeding." The same rule was earlier stated in Kentucky in *Clements* v. *Ramsey* ([Ky.] 4 S. W. 311). The court there said that the infant " had instituted the action in his name by a next friend, who stood responsible for the costs; but, when he arrived at age, the next friend was no longer a necessary party, and the action abated in fact as to him, and

proceeded to judgment in the name of the real plaintiff, and with whom the litigation had been had, from the bringing of the action up to the rendering of the judgment." (See, also, *Elkhorn Coal Corp.* v. *Guttadora*, 190 Ky. 770; 228 S. W. 420, 422.)

In Pennsylvania, under a rule which would permit an infant, upon arriving at age, to move for an amendment of the record so that he could appear in his own right as a party plaintiff instead of through his father as next friend, the failure so to move was held not to invalidate a judgment of nonsuit against him. (*Mahoney* v. *Park Steel Co.*, 217 Penn. St. 20; 66 A. 90.) The Superior Court of Pennsylvania there held (p. 25): "At the time of the trial he could have proceeded on the original statement, but having failed to do so and the judgment of nonsuit having been entered and not assigned for error, he is precluded thereby." The "suggestion on the record" seems in some jurisdictions at least to require some formal proof as its basis. In *Flint* v. *Flint* (26 Del. 155; 82 A. 538) the Superior Court of Delaware made an order upon a formal petition by the attorney for the infant showing she had become of age. It has been said in this State in *Campbell* v. *Bowne* (5 Paige, 34, 36) that where an infant defendant has appeared by a guardian "the proper course for the complainant, if the defendant does not himself voluntarily appear by a solicitor after he is of age, is to apply to the court, for an order that he appoint a solicitor."

The rule adducible from these authorities is that where no suggestion or motion is made during the pendency of the action the validity of the proceedings or the judgment entered will not usually be affected by a failure to strike out a guardian for an infant party who has become of age. Where prejudice may be shown to an adverse party by the failure of the infant himself to make the formal correction of the record and prosecute in his own name, the remedy after judgment would seem to be afforded by a motion by the adverse party for an order *nunc pro tunc* striking the guardian from the action, as was suggested by the dictum of *Bernard* v. *Pittsburgh Coal Co.* (*supra*).

Such an order, I think, cannot be granted upon this limited motion to review the taxation of costs and from the mere statement of counsel in the course of the argument of that motion, after a judgment which terminates the action has been entered. Indeed, no motion or application, formal or informal, for such relief has been made.

Much of the difficulty would be obviated if the discretionary power to tax costs against the guardian *ad litem* in accordance with section 205 of the Civil Practice Act were exercised, but

there is no application for such an order presented to the court. All that is before it is a review of the taxation of costs. In the absence of such an order costs are not taxable against a guardian *ad litem.* (Civ. Prac. Act, § 205.) The general rule is that such a guardian " is not ordinarily liable for costs." *(Johnson* v. *Board of Education,* 214 App. Div. 740.) In any event, in view of the infant's having become of age, the discretionary right of the court to impose costs against the guardian *ad litem,* assuming that the question were properly here, should not be exercised. If one party is not liable for costs, other parties joined with him generally are not liable. *(Salimoff & Co.* v. *Standard Oil Co.,* 259 N. Y. 219; *Boldin* v. *Smith,* 161 Misc. 696; *Antonietti* v. *Pearson,* 153 id. 803.) It would seem to follow that, if there can be no costs against a guardian in his representative capacity, there can be no costs against him as a party joined in the action. The parties plaintiff must be deemed to have been properly joined. (Civ. Prac. Act, § 209.)

Upon the present state of the record, the objection to the taxation of costs is sustained and upon this motion to review, the costs against plaintiffs are disallowed. This determination is without prejudice to such further proceedings by the defendants as they may be advised.

Submit order.