COZINE et al. v. BONNICK.

Court of Appeals of Kentucky.

Feb. 1, 1952.

Morris Weintraub, Newport, for appellants.

Barbour & Bassmann, Newport, for appellee.

STANLEY, Commissioner.

This suit for damages for injuries suffered in an automobile accident was filed on February 16, 1942, styled, "Alice Patricia Cozine, an infant, by and through Harold C. Cozine, her father and next friend v. Albert Bonnick." Bond for costs recites that both Alice and her father were nonresidents of Kentucky. Summons issued currently was returned, "Not found." A like return on an alias summons added that the defendant was then in the United States Navy. A year later Harold C. Cozine withdrew as next friend and the plaintiff's aunt, Ursula Walker, was substituted. It was stated that she was under no disability or restraint. On October 4, 1947, on Alice's motion reciting that she had become twenty-one years of age on February 11, 1946, and married, it was ordered that the name of the next friend be stricken and the case proceed in the name of "Alice Patricia Morrow, the plaintiff and real party in interest." Summons was served on the defendant two days thereafter.

The defendant demurred specially to the petition as amended (the amendments relating only to the substitutions) upon the ground that neither the father nor the aunt had legal capacity to sue because they had failed to show they were residents of Kentucky and the court was without jurisdiction. Two years thereafter the court sustained the special demurrer and the peti-

tion was dismissed. In her appeal plaintiff waives the absence of express disclosure in the pleadings of the nonresidency of her next friends because eventually the fact would appear by answer and be conceded.

Two questions are presented. One is whether a nonresident may represent an infant as next friend. The other is if it appears that he may not, is the suit a nullity, or the court without jurisdiction, so that when the infant reaches his majority and is permitted to prosecute the case as a person sui juris, is it in effect a new action?

We have held that a next friend must be a resident of this state. Stevenson v. Stevenson, 13 Ky.Op. 1012, 7 Ky.Law Rep. 680; Dr. Pepper Bottling Co. v. Hazelip, 284 Ky. 333, 144 S.W.2d 798. Nevertheless, the appellant makes a plausible argument that the proper construction of Sections 35 and 37 of the Civil Code, in the light of several cases, requires that the court should hold otherwise. We shall assume that our specific holding is sound and examine the second proposition.

The real point is that if the order permitting the former minor to prosecute the case does not relate back, but is a new suit, then the action is barred by the statute of limitations. The question has not heretofore been expressly determined by this court.

The appellee supports the trial court's ruling that the effect is not retroactive principally upon Vassill's Adm'r v. Scarsella, 292 Ky. 153, 166 S.W.2d 64. That was a suit for damages filed by a foreign administrator for the wrongful death of a nonresident. The circuit court ruled that he was without legal authority to maintain the action and that the filing of it was without legal effect. A domestic, ancillary, personal representative was thereafter appointed by a Kentucky county court. She tendered an amended petition which adopted the allegations of the petition and asked that she be made party plaintiff and permitted to prosecute the action. The court did not allow the amendment because more than a year had elapsed since the cause of action arose, and it was therefore barred by the statute of limitations. We affirmed. Other cases

to the same effect are cited. The doctrine that a suit instituted by a disqualified personal representative is in effect no suit at all and may not be amended by a properly qualified representative was questioned in Salyer v. Consolidation Coal Co., 6 Cir., 246 F.√794, a case transferred to the federal court because of diversity of citizenship. Other cases of this court were pointed to as holding such an original appointment to be merely voidable, so that there could be a substitution. However, the court followed federal procedure and held the substituted qualified administrator could prosecute the case as having been filed before the section was barred. We need not go into that particular question here for there is a material difference between a suit by a personal representative of a deceased person and a suit by an infant by or through a next friend.

A personal representative is just what the title indicates—he stands in the shoes of his decedent. In respect to personalty, an administrator alone may speak for the estate. He alone can sue and be sued, and in his fiduciary capacity is the real party in interest. Sec. 21, Civil Code.

It is otherwise in the case of an infant. The Code of Practice speaks of "The action of an infant," and says it "may be brought by his next friend." Sec. 35(3), (4). It refers to a person suing "as next friend" and to a "next friend who brings or prosecutes an action *for* a person * * * under disability". Sec. 37. Therefore, it is recognized that actions must be prosecuted in the name of the infant and for his benefit. In all cases the infant is himself the plaintiff, the process running in his name by his next friend. The authority of the next friend is very limited. When the infant becomes of age, his representative passes out of the case and it proceeds in the name of the infant. Ohio Valley Tie Co. v. Hayes, 180 Ky. 469, 203 S.W. 193; Lambert v. Corbin, 194 Ky. 373, 239 S.W. 453; Ambrose v. Graziani, 197 Ky. 679, 247 S.W. 953. The next friend, therefore, truly is a mere agent of the plaintiff and is regarded as well as the agent of the court, resembling an attorney or guardian ad litem. Kash v. Kash's Guardian, 260

Ky. 377, 85 S.W.2d 866. This is accentuated by the rule that it is sufficient merely to suggest of record, as by motion, that the infant has arrived at age. No amended pleading is necessary, for the infant had been the plaintiff from the inception of the suit. Clements v. Ramsey, 4 S.W. 311, 9 Ky.Law Rep. 172; Elkhorn Coal Corp. v. Guttadora, 190 Ky. 770, 228 S.W. 420.

Under this concept, venue and jurisdiction are determined by the right of the infant to maintain the suit. So it was a mere irregularity and not a fatal defect that the persons who had represented the infant in the present case as next friends were not authorized in law to act in that capacity because of nonresidency. Elkhorn Coal Corp. v. Guttadora, supra, 190 Ky. 770, 228 S.W. 420. Had the absence of authority been raised before the next friend dropped out of the case, the irregularity could have been cured by the appointment of another who was qualified. 27 Am.Jur., Infants, Secs. 117, 118.

We conclude, therefore, that the special demurrer should have been overruled and the right of the plaintiff, Alice Patricia Cozine Morrow, to continue the prosecution of the case declared.

Judgment reversed.