John D. Bennett, S.
In this proceeding to settle the accounts of the administrator, it appears that the estate assets are insufficient to pay debts and expenses. The United States Department of Justice seeks, therefore, to enforce the Government’s claim of $16,000 or more against certain insurance policies and Totten Trust bank accounts, the latter having been maintained by the decedent under an assumed name in trust for Ronald Paul Fassig, his son.
It appears from an affidavit on file that the afore-mentioned son was born on or about September 14, 1947 and has now become of age. The court had appointed T. Joseph Gronnell Esq., as guardian ad litem to represent the son’s interests. Mr. Gronnell’s report to the court objects to the claim of the United States on the grounds that the Government was not a creditor of the decedent at the time of his death, and particularly that the Government has submitted no proof that the period for collection was duly extended by waiver of the decedent, or otherwise. Mr. Gronnell has also objected to the amounts claimed for counsel fees and administration commissions.
By letter dated November 15,1968, the United States Attorney states that he is ready to submit adequate proof. The court intends to set the matter down for a hearing to consider the same; however, the court must consider anew the status of Ronald Paul Fassig since he is now an adult.
The Bennett Commission conducted a comprehensive study of the functions of a guardian ad litem, but its report and recommendations to the Governor and Legislature (Fourth Report of Temporary State Comm. on Law of Estates, N. Y. Legis. Doc., 1965, No. 19, Report No. 7.12A, pp. 567-659) did not touch upon this specific question. Many cases on record confirm the binding effect of a judgment or decree rendered during minority in an action or proceeding wherein the infant was represented by a special guardian or guardian ad litem. If an action or *254 proceeding continues after an infant has reached his majority and he participates therein without any declaration or suggestion that he has become of age and he neglects to voice objection to the steps being taken against him or in his behalf, it may well be that the judgment or decree entered later will be binding upon him, as was stated in McCarthy v. Anable (169 Misc. 595, 596) where the infant plaintiff became of age between the first and second trials of the action.
No precedent has been found, by statute or case law, which expressly authorizes the court to recognize an act of the guardian on behalf of his ward after the latter has attained his majority. In this case the report of the guardian ad litem was filed two months later, on November 14, 1968. Thirty years ago Judge Bbrgax, speaking for the Supreme Court at Special Term in the McCarthy case (supra), considered the procedure to be followed when the court is informed of the infant’s coming of age. He reviewed the authorities in several jurisdictions, but apparently found only one in New York affecting an infant defendant, and quoted at page 598 from Campbell v. Bowne (5 Paige Ch. 34, 36): “ The proper course for the complainant, if the defendant does not himself voluntarily appear by a solicitor after he is of age, is to apply to the court, for an order that he appoint a solicitor.”
The old rule thus referred to indirectly has statutory sanction today. In the opinion of this court the term of office of a guardian ad litem expires when the infant attains his majority, as in the case of a regular guardian (SCPA 1707, subd. 2). By statute the guardian ad litem must be an attorney (SCPA 404) and in the proceeding now before the court, Mr. Gronnell duly filed his consent, appeared for and has been representing the infant both as guardian ad litem and as attorney. Since his term of office as guardian has expired, the court holds that he is “ disabled ” within the meaning of CPLR 321 (subd. [c]) which provides that where the attorney for a party dies or is otherwise disabled ‘‘ no further proceeding shall be taken in the action [proceeding, in this case] against the party for whom he appeared, without leave of the court, until thirty days after notice to appoint another attorney has been served upon that party, either personally or in such manner as the court directs.”
Tn accordance with this conclusion the court therefore directs that no further proceedings be taken herein against Ronald Paul Fassig until 30 days after a copy of this memorandum has been sent by Mordecai S. Jacobsen, Esq., by certified mail, addressed to Ronald Paul Fassig at the last address given by him, namely, 148 Miller Street, Wheeling, West Virginia; and said attorney *255 is hereby directed to do so within five days after the date of this decision and to file due proof of such mailing.
The respondent, Ronald Paul Fassig, is hereby given notice to appoint another attorney or, in the alternative, if he so desires, to authorize T. Joseph Gronnell, Esq., to continue to represent his interest herein as his attorney.
In the meantime, this matter will be placed on the calendar of this court for January 2, 1969 at 10:00 a.m. for the purpose of receiving and considering additional proof. Respondent, Ronald Paul Fassig, is directed, if he so desires, to appear at that time in person or by such attorney as he may appoint to represent him in the pending proceeding.
Proceed accordingly.