## Matlack v. Sea, Jr., Admr. of the estate of Maria Nichols, Deceased.

(Decided October 11, 1911.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Third Division).

1. Peremptory Instruction—Refusal to Give.—A judgment will not be reversed for the refusal of the court to instruct the jury peremptorily to find for the defendant if the defendant's proof showed the necessary facts to make out a cause of action.

2. Automobiles—Injury Therefrom—Signals.—A person who in due time sees an automobile, cannot complain that it did not give notice of its approach to a street intersection, and no instruction should be given in such event authorizing a recovery for the failure to give the proper signal of its approach to the intersection.

3. Same—Collision—Injury to Third Person.—If two automobiles collide to the injury of a third person, and both are in fault, each is liable to such third person; but if only one is at fault he alone is liable.

O'NEAL & O'NEAL, BROWN & NICHOLS for appellant.

POPHAM, WEBSTER & TRUSTY and NORTON L. GOLDSMITH for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

On October 9, 1910, about 11 p. m., Claude M. Matlack was going west on the north side of Broadway, in Louisville, in a runabout automobile. When he reached Preston street he turned to go south on Preston street. Thomas A. King at the same time was going west on Broadway a short distance behind Matlack, and on the south side of the street. When Matlack turned at the intersection of Preston to go south on Preston there was a collision between the two automobiles, by which Matlack's automobile was knocked about thirty feet down Broadway, and King's automobile skidded over to the pavement and ran into a telephone pole, killing Maria Nichols, a colored woman, who was standing on the pavement. This suit was brought to recover for her death against both King and Matlack. On a trial of the case there was a verdict and judgment against King for $2,700 and against Matlack for $500. Matlack appeals.

It is insisted for Matlack that the court should have instructed the jury on the plaintiff's evidence peremptorily to find for him. The proof for the plaintiff showed that Matlack was running slowly, about five or six miles an hour; that King's car was a large heavy one; that just before he reached the intersection of Preston street he quickened his speed, and that when he reached the intersection he was running very fast. It is also shown that when Matlack reached the intersection he first bore a little to the north and then turned and came south, this being done to avoid the street railway track. Neither King nor Matlack gave any signal by gong or whistle of their approach to the crossing. King knew that Matlack was in front of him; but Matlack did not know that King was behind him. There were no other vehicles on the street in the vicinity.

It is insisted for Matlack that the court can only consider the plaintiff's proof in determining whether the peremptory instruction should have been given. Goins v. North Jellico Coal Co., 140 Ky., 323, is relied on. In that case we said:

"When the plaintiff introduces his evidence, and at its conclusion, the defendant moves the court to instruct the jury peremptorily to find for it, whether the motion is then determined by the court or not, it must be decided on the plaintiff's evidence without reference to any facts shown by the evidence introduced on behalf of the

defendant. For in so far as there is a conflict in the evidence, the question, if material, is for the jury."

But that case was not like this. There the court had given a peremptory instruction at the conclusion of all the evidence, and we held that the propriety of the instruction must be tested on the plaintiff's evidence, and that if there was a conflict of evidence the question was for the jury. In that case the evidence for the defendant did not strengthen the case that the plaintiff had made out, but showed facts to weaken it. We simply held that these facts could not be considered. We have often held that if the plaintiff fails to prove a fact necessary to make out his case, and the defendant introduces his proof, thus supplying the fact which was omitted, the court will not reverse the judgment here for the failure of the trial court to instruct the jury peremptorily to find for the defendant. This is for the reason that the error was cured by the subsequent proceedings. The Goins case is not in conflict with the rule. In the case at bar, after the court refused to instruct peremptorily to find for the defendant, King was introduced as a witness, and testified as follows:

"Well, about 11 o'clock at night this accident occurred; I was coming down Broadway, and at this street crossing, Preston and Broadway, nearing this crossing I saw an automobile in front of me, and I slowed up my machine and this fellow in front turned to the north, as if he wanted to go north on Preston street, and I turned to the left or south of the north corner track to get by him, and as I had run almost even with him he suddenly turned and struck the front wheels of my motor with such force as to knock the wheel out of my hand and I lost control of it, and it went right into the telegraph pole."

If there was any defect in the plaintiff's proof the testimony of King was sufficient to make out the case against Matlack, but we think that, in view of all the circumstances, it was a question for the jury whether Matlack exercised proper care under the facts as shown by the witnesses for the plaintiff.

The court gave the jury this instruction:

"It was the duty of the defendant, Matlack, as he approached the intersection of Preston and Broadway with his automobile at the time referred to in the evidence, to have his automobile under reasonable control, to keep a

lookout ahead and to give timely signal or warning of his approach to the intersection, and to exercise ordinary care in the control and operation of his automobile to prevent its colliding with any other automobile or vehicle on the crossing; and if you believe from the evidence that the defendant, Matlack, in the control and operation of his automobile failed in any of the particulars mentioned, and by his failure he caused or helped to bring about the collision between the two automobiles, and the plaintiff was thereby so injured that she died, then the law is for the plaintiff as to the defendant, Matlack, and the jury shall so find.''

All the testimony shows that King knew that Matlack was in front of him. A signal by Matlack of his approach to the crossing did no good so far as King was concerned. The object of signals is to apprise others on the street. The failure of Matlack to give a signal of his approach to the crossing in no way contributed to the accident. The court should have omitted from the instruction so much of it as referred to the signal or warning of his approach to the intersection. It was incumbent upon King, who knew there was another vehicle in front of him, to give a timely warning of his approach; but a warning by Matlack could have had no effect.

On another trial the court will give an instruction similar to number one, defining the duty of King, and telling the jury that if he failed to do these things, or any of them, and this brought about the collision between the two automobiles without any negligence on the part of Matlack, causing the collision, as defined in number one, they should find for the defendant; but that if both of them were negligent and each so contributed to bringing about the collision Matlack is liable although King is also liable.

In view of all the facts in the case we conclude that a new trial should be granted. Judgment reversed and cause remanded for a new trial and further proceedings consistent herewith.