## Paducah Traction Company v. Barksdale.

(Decided May 31, 1912.)

### Appeal from McCracken Circuit Court.

1. Personal Injuries—Action for—Peremptory Instruction—Evidence. —In an action for personal injuries, evidence examined and held that there was no evidence of negligent operation of the car by which appellee was injured, nor any fact from which such negligence could be inferred, and the motion of appellant for a peremptory instruction should have been sustained.

2. Evidence—Introduction of Defendant's Evidence Did Not Cure Error in Refusing Peremptory Instruction.—In the introduction of defendant's testimony it did not make out plaintiff's case, and the error of the trial court in refusing the peremptory instruction was not cured by the introduction of defendant's evidence.

WHEELER & HUGHES for appellant.

BERRY & GRASSHAM for appellee.

OPINION OF THE COURT BY JUDGE WINN—Reversing.

Appellee recovered a judgment below against the appellant because of an injury sustained when knocked down by one of its street cars. The traction company appeals, insisting that there was no evidence against it to take the case to the jury, and that a peremptory instruction should have gone in its favor. Its position is sound.

Mrs. Barksdale, her mother, and her sister were standing out in the street talking to a kinsman who had driven up in a farm wagon. This wagon was standing in the gutter at one side of the street. Mrs. Barksdale was rather between it and the car track. She testifies that she saw the car coming; that it was running at the customary rate of speed; that she told her mother, who did not hear well, that the car was coming; that one of the mules began twisting about; and that she has no recollection of anything further until after the accident. She says she heard no bell, but that she saw the car coming. She does not say that it was running too fast, or was not under reasonable control, or that the motorman did not use due care. Her mother was then introduced, but confessedly could give no explanation of the accident. She was standing talking to her kinsman and did not look at the car. Her sister says that Mrs. Barksdale saw

the car coming and cautioned her mother; that one of the mules threw its head up and as witness thought was getting scared; that she busied herself with her children who had climbed in the wagon. She did not see the collision. She says the car was running at the usual rate of speed. This is all the evidence about the occurrence introduced by the plaintiff. The defendant's motion for a peremptory instruction should have been sustained. There was no proof of any negligence nor of any fact from which negligence could be inferred.

The defendant then introduced its testimony. Mrs. Arnold, a neighbor, was looking at the little crowd around the wagon at the time. She says she saw the street car coming, and that it commenced ringing its bell; that the mules began to throw up their heads, when the driver struck them, which made them worse; that the motorman was trying to slow up; that the wagon backed; that Mrs. Barksdale was trying to get out of the way of both the wagon and street car, but went over toward the street car track instead of toward the sidewalk. Mr. Houser, the kinsman who drove the wagon, was then introduced. He says that the motorman, before he got to an adjacent crossing, commenced ringing the bell; that one of the witness' mules threw his head up, frightened and started to back; that he struck the mule with a hickory; and about that time the car struck his niece. The motorman in charge of the car testified that as his car approached he saw Mrs. Barksdale standing between the wagon and the street car track; that the wagon was on the left-hand side of the street car line, leaving some five or six feet between the wagon and the car line; that he saw she was standing pretty close, rang his bell, and before he got there began to slow down the car; that when he got within forty or fifty feet he saw one of the mules begin to get a little frightened, and that he slowed down the car yet more; that before he could get the car to a standstill the team began to back; that Mrs. Barksdale was facing the wagon and paying not much attention to the car; that as the wagon backed she kept backing as well, and as the car went by it struck her; that the front part of the car passed her before the collision; and that the car rolled a length or two before it came to a stop; that he could not control the car to keep it from striking her.

This is all the evidence about the accident. The plaintiff made out no case and the defendant could very

.well have stood upon its motion for a peremptory instruction. In the introduction of its testimony, however, it did not make out the plaintiff's case; therefore there is no making out of the plaintiff's case by the defendant, as in Matlack v. Sea, 144 Ky., 749. The error of the trial court in refusing the peremptory instruction was not cured by the introduction of the defendant's evidence. Mrs. Barksdale saw the car approaching. The motorman saw her. He was running at the usual rate of speed. He had the right to assume that she would not get upon the car track, standing still as she was with the car approaching. When the mule first frightened, he began to slow down the car. When it began to back he slowed it down more, but could not stop it before Mrs. Barksdale had backed into the car.

The judgment is reversed.