## Carey-Reed Co. v. Hart et al.

(Decided October 18, 1932.)

R. W. LISANBY, and STOLL, MUIR, TOWNSEND & PARK for appellant.

C. A. PEPPER and M. P. ELDRED for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

Charles L. Hart instituted this action against the city of Princeton, E. B. Black, and N. T. Veatch, partners doing business under the firm name of Black & Veatch, R. B. Reeves, individually and as agent of Black & Veatch, and Carey-Reed Company, a corporation, asking for damages for injury to a tractor and for the loss of the use of same; it being alleged that it was taken and used without his knowledge or consent.

At the close of the evidence, the jury at the direc-

tion of the court, upon motion of the city and of Black & Veatch, returned a verdict for them, but similar motions made on behalf of R. B. Reeves and Carey-Reed Company were overruled, and the issues submitted to the jury as to them. The jury returned a verdict finding for Reeves, but finding for plaintiff against Carey-Reed Company in the sum of $700, and it has prosecuted this appeal.

Undisputed facts are that appellant was under contract with the city of Princeton to construct certain sewers, some of which were to be laid along Hopkinsville street, the main thoroughfare leading from the city to the agricultural experiment substation outside the city limits. In the spring of 1929 the sewer construction had left this street in a condition unsuited to vehicular travel, and the city authorities, because of an approaching celebration to be held at the experiment station, desired to have the street graded and put in condition for travel. Black & Veatch had been employed by the city as consulting engineers, and R. B. Reeves was their representative in looking after the city's interest in connection with the sewer contract.

The city authorities asked Mr. Reeves to co-operate with them in getting the street repaired. The tractor was taken from its place of storage without the knowledge or permission of Mr. Hart, and used to pull a grader in leveling and grading the street. Matters about which there is a conflict of evidence will be treated in the discussion of grounds urged for reversal.

It is contended by counsel for appellant that there is no showing that it took the tractor from its place of storage, or that the tractor was used in its behalf in grading the street. There is evidence that it was the duty of appellant under the contract to level up streets interfered with by sewer construction within three days after the completion of the work, and that it did undertake the work of leveling Hopkinsville street at the instance of the city authorities. It did not have a tractor to pull the grader, and its foreman was told of the Hart tractor. He, along with others, made inquiry about a driver, and was informed that John Grey, an employee of the city, could drive the tractor, and the city would permit him to do so. Grey was taken to the offices of appellant, and then went to the barn where the tractor was stored, and took charge of and operated it in pull-

ing the grader in repairing the street. Alvin Stevenson, a former employee of Mr. Hart, at the request of Mr. Reeves and a city official, assisted in taking the tractor from the barn. Grey received pay for operating the tractor at the offices of appellant, being paid by Millard Carey. There is also evidence that Millard Carey stated to Mr. Hart that appellant had used the tractor and would pay any damage resulting from such use.

In this connection it may be said, as to the further contention that Millard Carey and Ikey Land were not agents of appellant and could not bind it, that there is evidence that Carey was the superintendent and Land the foreman for appellant; Mr. Carey being in active charge at the office. We find the general rule to be that agency may be found from proven facts and circumstances, and this notwithstanding categorical answers to the contrary by the parties. Louisville Cement Co. v. Clell Coleman & Sons, 222 Ky. 183, 300 S. W. 633; Seaboard Oil Co. v. Huntsman, 196 Ky. 758, 245 S. W. 860; Ohio Valley Tie Co. v. Hayes, 180 Ky. 469, 203 S. W. 193; Wright v. Wheat, 224 Ky. 386, 6 S. W. (2d) 458.

Argument that the verdict is excessive cannot prevail, unless the evidence of appellee Hart and other witnesses as to the damage sustained by him be utterly disregarded. There is a sharp conflict of evidence on that as well as on all other issues in the case. While the evidence on this question in behalf of Hart is not as persuasive as it might be, it is sufficient to support the jury's finding. A recitation of evidence as to the value of the tractor before and after the alleged use of it by appellant, the character of the injury done to it, and the damage resulting from loss of its use, would unnecessarily cumber and extend this opinion.

Counsel for appellant very earnestly argue that it is not shown that the alleged damage was done to the tractor while it was being operated by appellant, if in fact it did operate it, and that, the action really being founded in tort, appellee Hart failed to meet the burden of showing that the alleged damage was due to any negligence, and therefore it was entitled to have its motion for directed verdict sustained.

Evidence for appellee Hart shows that the tractor was in good condition when it was stored about October

1, 1928, and in good condition when it was taken from the barn to be used on the job in question; that it was in bad condition in the spring of 1929, when removed from the barn to be shipped to Marion. Upon examination by taking it apart, internal parts were found to be broken and damaged; that, while in use on Hopkinsville street, it got off the track, and the operator being unable to get it back, Mr. Stevenson was sent for to adjust it. While we do not understand the mechanism of tractors, it is in evidence that tractors of the caterpillar type, as this one was, do get off the track, and that damage will result if they are used while in that condition.

Negligence may be established by direct and positive proof, or by proof of facts and circumstances from which it may be reasonably inferred. Kentucky Glycerine Co. v. Woodruff Development Co., 233 Ky. 325, 25 S. W. (2d) 736; Bryant v. Ellis, 222 Ky. 272, 300 S. W. 610; Stephenson's Adm'x v. Sharp's Ex'rs, 222 Ky. 496, 1 S. W. (2d) 957.

The foregoing and other facts and circumstances shown by proof are sufficient to warrant a conclusion that the damage to the tractor occurred while it was being operated by appellant, and, if not directly showing negligence, form a reasonable basis for an inference of such. Under any theory of the case, and notwithstanding the conflict in evidence on every issue, there is substantial evidence to take the case to the jury and to support the verdict, and in such circumstances it is conclusive on appeal. Powell v. Galloway, 229 Ky. 37, 16 S. W. (2d) 489; Louisville & N. R. Co. v. Schaeffer, 213 Ky. 248, 280 S. W. 974.

Finding no error in the record that would warrant a reversal, the judgment is affirmed.