## Paducah Dry Goods Co. v. Thompson.

May 28, 1948.

Rehearing denied October 5, 1948.

Terrell & Schultzman for appellant.

John E. Kirksey for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

The Paducah Dry Goods Company prosecutes this appeal from a judgment in the sum of $1,250, obtained against it by Mrs. Thelma Thompson.

Appellant is a department store engaged in a general merchandising business in the City of Paducah. It operates its business in a four story building, in the rear of which are stairways leading to the various floors.

On February 2, 1946, appellee, in company with her husband, entered this store for the purpose of purchasing merchandise. After making purchases on the second floor she was proceeding down the steps when on reaching about the fifth step down she slipped and fell. She was thrown headlong toward the balcony, resulting in the injuries for which she obtained the judgment above.

The principal ground relied upon by appellant for reversal is that the court erred in refusing to direct the jury to find for the defendant. Appellant urges that since the substance of all the competent testimony for the appellee was that the edges of the stairway where the appellee fell were merely worn and slick, and since there was no evidence offered to show the character or size of the worn places, or that a danger of any kind

actually existed on account of the size and depth of the worn places, the court should have directed the jury to find for the appellant at the close of appellee's testimony.

The sum total of plaintiff's testimony was that the steps were worn and slick, without any indication as to the character or extent of same.

Motion was made for peremptory instruction at the close of plaintiff's testimony, which was refused by the court. The real difficulty lies in the fact that appellant did not stand there but went on and offered proof on its side. In introducing its proof the size and extent of the worn places on the steps were established by appellant's witnesses. The testimony for appellant showed that the edge of the steps had been worn to an extent of ¾ of an inch. So, we see that wherein appellee failed to show the extent of the worn place, this was supplied by appellant.

It is a well established rule that where plaintiff fails to make a case and a peremptory instruction is asked and refused, and defendant goes on from there without making a stand, we then must consider all the facts in the case. The defendant by introducing evidence after this refusal to give a peremptory instruction takes the chance of aiding the plaintiff's cause. However, he is not precluded thereby from asking for the peremptory instruction on the whole case.

In Nelson v. Black Diamond Mining Co., 167 Ky. 676, 181 S. W. 341, 344, we said:

"The motion for a directed verdict in the case at bar was made at the conclusion of the evidence in chief for appellant, and was then overruled, and after the introduction of the evidence for the appellees the motion was renewed and sustained. In such case the appellant was entitled also to the benefit of any facts which were developed by the appellees' evidence which go to sustain his cause of action, as well as the facts appearing from his own evidence. Ohio Valley Ry. Co. v. McKinley, 16 Ky. Law Rep. 445; Kentucky & Indiana Bridge Co. v. Cecil, 14 Ky. Law Rep. 477."

In Kennedy Transfer Co. v. Greenfield's Adm'x, 248 Ky. 708, 59 S. W. 2d 978, 980, we said:

"* * * But the defendant did not rest upon his

motion for a peremptory. He testified to facts clearly showing that the driver was his employee and was acting within the scope of his employment. This supplied the omission and cured whatever error there may have been in overruling the motion for a peremptory instruction at the close of plaintiff's evidence, for the plaintiff is entitled to any evidence introduced by the defendant which is beneficial to his claims.''

Appellant next insists that this worn place on the outside edge of the step only ¾ of an inch across does not constitute a danger from which a storekeeper might reasonably apprehend that an injury would occur, and that a defect so trivial is not sufficient to submit to the jury the question as to whether the storekeeper exercised ordinary care to keep the steps in a reasonably safe condition. This contention, as advanced, is rather interesting. The basis of the argument on this point is that there must necessarily be some point short of perfection in the condition of the steps that does not constitute actionable negligence. Unless this is so a storekeeper is liable for injuries received by persons under any and all circumstances. According to science, to be extremely technical, when the first person walked down the steps when first placed there, there was an infinitesimal wearing away of the steps. It is said about 400 people pass up and down these steps every day. At the end of the first day although the wearing process continued it was yet imperceptible. So, the process goes on from day to day until there is the commencement of a perceptible wearing away of the steps. Under the logic on this point the question is: When is the place reached, or when are the steps so worn as to constitute a dangerous condition, and just to what extent does it have to be worn in order to create actionable negligence for failure to correct the defect? Thus, in other words, the line between the defect which is unsafe and that which is not must be drawn somewhere. Can it be said that the absence of one consists in the exclusive presence of the other? The line where the two meet must necessarily be found in a zone of uncertainty. On the immediate approach to this line from either side there is possibly no perceptible difference. It has been said: ''There is very little difference between one man and another; but what little there is, is very important.'' And so it is here.

While having to do with maintenance of streets and sidewalks the particular question raised here was discussed at length in Louisville v. Uebelhor, 142 Ky. 151, 134 S. W. 152, in which it was said:

"The issue tried out was whether the hole or depression was such as constituted an unsafe state of the crossing. The crossing was made of large flat stones laid end to end. Wagons passing over them had worn away two of the stones at their joints, making a concave depression from 1 to 1½ inches to 4 or 5 inches deep; that is, the evidence of the plaintiff showed that it was 4 or 5 inches deep, while the evidence of the city showed the former. If it was as much as the latter, it was a question for the jury whether that was such a condition as was not reasonably safe for a street crossing. If it was only an inch and a half or two inches, a smooth worn place in the stones, it would not be in such a condition as indicates neglect of the crossing by the city. The city does not insure the safety of its streets, and it is not reasonable to place upon it the burden of maintaining at all times and under hazard every street crossing and sidewalk in a perfect condition. It is only required to be reasonably safe for use as a foot way for pedestrians. There must be some point short of perfection, therefore that is not actionable negligence. We know as a matter of common knowledge that such depressions in a street as slight unevenness, caused by wear, of an inch or so, are quite common in all cities. That which is so customary may be regarded as ordinarily safe, and that is the standard. It was, then, a very material question in this case as to the extent of the depression."

Possibly all that appellant says in his excellent brief would be true if there were only a slight wearing away and such as might customarily be regarded as safe. But here the step was worn to an extent of ¾ of an inch, which, obviously, would bring it into that zone of uncertainty, and wherein an inference may be drawn either way. We have held in numerous cases that negligence may be established by proof of facts from which an inference may be drawn. If there then is evidence tending to establish that the steps were negligently maintained by the owner the issue is one for the jury and should be submitted. See Payne v. High Splint Coal Company, 239 Ky. 634, 40 S. W. 2d 299; Carey-Reed Company v. Hart,

245 Ky. 325, 53 S. W. 2d 689; and Kentucky Glycerine Company v. Woodruff Development Company, 233 Ky. 325, 25 S. W. 2d 736.

It appears from the evidence that it had been the custom to change these steps about once every 8 years, and that it had been slightly over 8 years since the steps had been changed. Testimony of appellee shows that the step on which appellee slipped was slick and worn. Testimony of appellant shows that it was worn ¾ of an inch and was slick.

After hearing the above evidence and viewing the steps, the jury found for the plaintiff. We cannot say that there was insufficient evidence to support that verdict. Consequently, the court properly overruled **motion for directed verdict** on the whole case.

Lastly, appellant insists that appellee was contributorily negligent as a matter of law by failing to take the proper precaution to avoid an injury to herself in descending these steps which were known to her to be worn on the edges.

Appellee testified that she had shopped at the Paducah Dry Goods store for 2 or 3 years and had used this stairway on numerous occasions, and that on the day of the accident she could see the steps were worn on the edges. Appellant contends that since appellee used these steps despite this known worn condition, and that since an average of 300 or 400 people used the stairway each day going up and down, none of whom had fallen, the appellee's fall was obviously occasioned by her own negligence. Therefore, her injury resulted from her own contributory negligence. We cannot agree with appellant on this point.

Wherefore, the judgment is affirmed.