**Mabel WILSON, Appellant,**

v.

**John LITTLE et al., d/b/a Ludlow Cab Company, Appellees.**

**Charles WILSON, Appellant,**

v.

**John LITTLE et al., d/b/a Ludlow Cab Company, Appellees.**

Court of Appeals of Kentucky.

Sept. 21, 1956.

Louis W. Gorman, Covington, for appellant.

James Ware, Covington, for appellees.

## STEWART, Judge.

Mabel Wilson filed this action in the Kenton Circuit Court, alleging she was injured in a fall from a taxicab owned and operated by John Little and Leroy Burns, doing business as Ludlow Cab Company. She claimed damages of $10,000 for pain and suffering endured because of said injury. Charles Wilson, husband of Mabel Wilson, also sued Little and Burns for $11,000 for medical expenses he incurred for the treatment of his wife following her injury and for damages based upon the loss of services of his wife. By agreement of the parties, the two cases were tried together. They were submitted to a jury, which returned a verdict for defendants in each instance.

A motion and grounds for a new trial, filed by plaintiffs, claimed three errors were committed: (1) New evidence was discovered that the accident happened in Boone County and not in Kenton County where this suit was filed; (2) the verdict was not sustained by sufficient evidence; and (3) the court should have allowed plaintiffs to read an affidavit of John Little, one of the defendants. The trial court overruled this motion. On this appeal, the same errors have been assigned.

This suit was filed and tried in the Kenton Circuit Court. Counsel for plaintiffs now claims newly discovered evidence actually places the scene of the accident in Boone County and maintains the action should have been instituted in the county where the injury occurred. This fact made the proceeding in the Kenton Circuit Court a nullity, it is argued.

■ KRS 452.460 controls the venue of this action and the applicable part reads: "Every other action for an injury to the person or property of the plaintiff, and every action for an injury to the character of the plaintiff, against a defendant residing in this state, must be brought in the county in which the defendant resides, or in which the injury is done." Both defendants are residents of Kenton County and, under the rule stated, the Kenton Circuit Court was a proper forum in which to file the action.

Plaintiffs next insist the judgment is not supported by sufficient evidence. This contention requires a statement of the pertinent facts. At about 10:00 o'clock in the evening of September 15, 1951, plaintiff, Mabel Wilson, was at the Fairview Inn in Bromley, Kentucky, where she had been for several hours. During this time she had consumed three or four bottles of beer, but the evidence does not indicate she was intoxicated. She testified she requested Mary Shields, who operated the Inn, to telephone defendants for a taxicab. Shortly after this call was made one Walter Reichert entered the Inn and, according to Mabel Wilson, he called out inquiringly "Ludlow cab"? Mary Aylor, another witness introduced for plaintiffs, corroborated Mabel Wilson on this point. Mary Shields, however, stated Reichert walked into the place of business and merely uttered the word "taxi". Mabel Wilson declared : saw on the top of the car she rode in a lighted sign which said "Taxi" and she also noted the telephone number "4444 H.E." painted on the right-hand side of the vehicle. Defendants' telephone number was then listed as "Hemlock 4444" in the telephone book and was dialed as "H.E. 4444".

Mary Shields said she observed "Taxi" lit up on the top of the car; she did not testify as to seeing an advertisement painted on the body of it. Mabel Wilson stated she fell and broke her left leg as she was alighting from the automobile at her home. She said the car "door flew open and out I went and I fell and hit my back." According to her, she was charged a fare of $1.50 for the trip.

Defendants denied that Reichert was in their employ on the occasion of the accident and that he was driving an automobile owned by them. Reichert, and also one Dave Durman, who had accompanied Reichert to the Inn, and who then went with him on the trip when he transported Mabel Wilson home, both testifying in behalf of defendants, stated that the car had been borrowed by Reichert from one Tony Jacobs, defendants' dispatcher. The latter, a witness for defendants, said he had loaned his car to Reichert that evening. Jacobs admitted receiving a call from Mary Shields for a cab, but denied one was sent for the reason that none was available at the time. Defendants' witnesses identified the automobile as a 1941 Pontiac two-door sedan with no markings to identify it as anything but a pleasure car. Reichert's version of the accident was that Mabel Wilson had left the car and walked about five feet when she fell on the sidewalk in her own yard. He denied she paid him a fee for transporting her home.

 Plaintiffs argue that under the facts presented they were entitled to a peremptory instruction in their favor. We do not agree. This is a case where the questions as to whether defendants owned the car and as to whether Reichert was their agent and as to whether Mabel Wilson was injured while attempting to leave the car are in sharp conflict. We have held in cases too numerous to mention that where, as here, conflicts in the evidence are developed at the trial the jury should resolve such conflicts. The jury found plaintiffs were not entitled to damages against defendants and we believe there was ample evidence to sustain their verdict.

Counsel for plaintiffs in making his argument to the jury attempted to read an affidavit of John Little, one of the defendants, which had previously been given to secure a continuance of the case. This affidavit had not been presented at this trial and it was not as a consequence in evidence. We conclude the trial judge properly withheld the contents of the affidavit from the jury, because it is elementary that only that evidence becomes a part of the record that has actually been introduced.

Wherefore, the judgment is affirmed.