**Walter SPARTMAN, Appellant,**

v.

**Joe ROWLETT et al., Appellees.**

Court of Appeals of Kentucky.

April 18, 1958.

Hinton & May, L. D. May, Pikeville, for appellant.

V. R. Bentley, Pikeville, for appellees.

CAMMACK, Judge.

Separate actions were instituted in the Pike Circuit Court by the appellees, Joe Rowlett, Pauline Rowlett and Patty Rowlett, against the appellant, Walter Spartman. The action of Patty Rowlett, an infant of 10 years, was brought through her father, Joe Rowlett, as next friend. The Rowletts claimed damages for personal injuries sustained in an automobile collision which resulted from the alleged negligence of the appellant. The three actions were consolidated for purposes of trial. This appeal is from a judgment which, pursuant to the verdict, awarded damages of $500 to Patty Rowlett, $1,000 to Joe Rowlett, $5,000 to Pauline Rowlett, and $1,947.70 to the appellees collectively for hospital and medical expenses. The appellees' motions to dismiss the appeal were passed to the merits and will be considered hereinafter.

The appellant urges reversal because the trial court erred (1) in permitting the appellees to introduce improper, incompetent and prejudicial evidence; and (2) in failing to direct a verdict for him at the close of all of the evidence. It is urged also that the verdict is grossly excessive and not sustained by the evidence.

The accident occurred about three miles south of Pikeville on U. S. 460. At about 10:00 a. m. on September 15, 1956, the appellant was traveling south on the highway toward Elkhorn City. His car skidded, crossed the center line, and its right front fender struck the front end of the Rowlett car, which was being driven north, toward Pikeville, by Joe Rowlett. Three of the four occupants of the Rowlett car were injured in the collision. Joe suffered a laceration over his right eye and injured his left arm; Pauline sustained several broken ribs, lacerations, injury to her right breast and knee, and lost four or five teeth; and Patty was severely bruised on the hip.

Joe Rowlett was hospitalized overnight and suffered pain for several weeks, but the medical testimony indicated that he had recovered completely prior to the trial. Joe testified that he still suffered dizzy spells which he attributed to the head injury. He said his left arm hindered him in his work as an automobile mechanic. Joe regained consciousness just as the ambulance departed from the scene of the collision with Pauline.

Pauline was hospitalized on two different occasions for a total period of some 28 days. Her injuries required treatment which included blood transfusions. At the

time of the trial she was still experiencing some pain. She complained of a smothering sensation in her chest and pain in her knee. The medical testimony indicated that the chest condition would recede with the complete healing of her ribs and would recur only during inclement weather. The knee condition was said to be permanent. The orthopedic surgeon who examined Pauline said that the knee would continue to cause her difficulty in climbing stairs, stooping and kneeling—functions necessitated by her household chores.

Patty was not hospitalized until about four hours after the accident and she was soon released. The large bruise then gave rise to a "boil like" sore in her inguinal region. She returned to the hospital for treatment which lasted seven or eight days. Patty sustained no permanent injuries aside from a small scar at the place of the sore. We may mention at this point that we do not consider the verdict to be grossly excessive and "not sustained by the evidence."

The parties entered into a stipulation concerning hospital and medical expenses. The individual expenses of the three appellees were itemized, with the exception of a doctor's bill in the amount of $586.10, which was listed as expenses of the three collectively. The total hospital and medical expenses of the three parties was $1,947.70, according to the stipulation. Instruction 3, given by the trial court over the appellant's objection, and which related primarily to Pauline, authorized "* * * finding for medical expenses on all claims, if any, not to exceed $1947.70." There was no objection to the instruction in regard to the collective medical expense item. Similarly, there was no objection to the form of the verdict which follows:

"We the Jury agree and find for the plaintiffs the following amounts:

| | |
|---|---|
| Mrs. Pauline Rowlett | $5,000.00 |
| Mr. Joe Rowlett | 1,000.00 |
| Miss Patty Rowlett | 500.00 |

plus medical and hospital expenses in the amount of $1947.70.

L. M. Newsome,
One of the jury."

Furthermore, there was no objection to the form of the judgment, which was in accord with the verdict.

Since the cases were consolidated for the purpose of trial only it was improper to consolidate the medical expenses. The consolidation of these expenses, however, can be traced to the stipulation of the parties. The peculiar practice of this case necessitated the entry of a single judgment where ordinarily there would have been three separate judgments.

Despite the fact that the amount in controversy as regards two of the appellees is below the amount for which an appeal lies as a matter of right, KRS 21.060, and despite the fact that the appellant failed to make a motion for an appeal of the actions instituted by these two parties, KRS 21.080, we are not disposed to dismiss the appeal because we believe that the form of the instructions and the manner in which the case was practiced warrant the treatment of the judgment as a single one. The motions to dismiss are overruled.

During the course of the trial the appellant was questioned relative to his drinking habits. The questions and appellant's answers follow:

"15. Had you been drinking any that day? A. No, sir.

"16. You drink, don't you? A. Not now.

"17. When did you quit? A. Oh, around four or five months ago.

"18. When? A. Four or five months ago.

"19. You quit after this wreck, didn't you? A. Well, I—

"20. Well, did you or did you not? A. I have drunk after the wreck but—

"Mr. May: I want to object to that.

"A. (continuing) but I was not drinking then.

"21. You have drunk after this wreck? A. Yes.

"22. Been intoxicated after this wreck? (Objected to by defendant. Overruled by the Court.) A. Well, I have drunk but I haven't been drunk, I would say.

"23. Haven't been drunk? A. I have drunk some since the wreck, yes.

"24. Did you drink any on the day of the wreck? A. No, I did not.

"25. Where had you been? A. I came to Pikeville to get my car.

"26. To get your car? A. Yes.

"27. Have any beer or liquor in your car? A. No, I did not.

"28. Neither one? A. No, sir.

"29. Hadn't had a drink that day? A. No.

"30. Had you drunk any that night before? A. No, sir."

A motion to strike a supplemental record which notes objections by the appellant to all of the questions concerning his drinking habits has been passed to the merits.

The appellant's drinking habits were not material to any version of the accident. The appellant claimed that the accident occurred when another car pulled out suddenly from a service station into his lane of the highway. He claimed that he was confronted with an emergency situation, and in braking his car to avoid hitting the other auto the wet pavement caused him to skid and the accident resulted. Joe Rowlett admitted that another car preceded the appellant down the highway, but Joe did not see that car come out of the service station. Joe's version of the accident was that the appellant was driving too fast, was not keeping a proper lookout, and was unable to keep his car on his side of the road when he came upon a slower moving vehicle, thereby causing the accident. A third witness, who was preceding the Rowlett car, said that the appellant started to skid as he passed him, and barely missed hitting his truck. This witness did not see a car in front of the appellant and did not see one come out of the service station. All versions of the accident indicate that the appellant's car was on the wrong side of the road, due to the skid, and that the Rowlett car was in a proper position on the highway when its front end was struck by the appellant's right front fender. None of the versions indicates that the appellant was under the influence of intoxicants at the time of the collision.

It will not be necessary to rule on the appellees' contention that a supplemental record transmitted by the appellant's attorney rather than the clerk of the circuit court, without notice to the appellee, fails to satisfy the requirements of CR 75.08. In the case at hand the original record shows sufficient objection to incompetent and prejudicial evidence concerning the appellant's drinking habits to warrant reversal without reference to the supplemental record. The evidence was incompetent because the appellee had introduced no evidence concerning drinking on the part of the appellant, or even the presence of liquor in his car. No mention of drinking or intoxicants occurred in the trial prior to the giving of the testimony quoted. To the first question on cross-examination concerning drinking, "Had you been drinking that day"? the appellant responded, "No, sir." Under the circumstances it was highly improper for counsel for the appellees to continue this line of questioning. When the questioning went to drinking habits of the appellant after the wreck it was prejudicial error to allow it to continue

over the appellant's objection, especially when the testimony elicited thereby could have led the jury to infer that the appellant quit drinking because of the collision.

■ Although it is undenied that another car could have been proceeding south on the highway in front of the appellant, the evidence is conflicting as to whether the negligence which caused the accident was attributable to the driver of that car or to the appellant. The trial court was correct in overruling the appellant's motion for a directed verdict at the close of all the evidence since there was evidence of probative value which warranted the submission of the case to the jury on the question of his negligence.

Judgment reversed and the case remanded for proceedings consistent with this opinion.