**Earl LYON et al., Appellants,**

v.

**Tennessee PRATER, etc., et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 10, 1961.

C. Guthrie Yager, Harry F. Riddle, Ashland, David B. Whites, Kit C. Elswick, Louisa, for Earl Lyon.

Eldred E. Adams, Louisa, for Cratis Collier.

Howard H. Moore, Louisa, William B. Hazelrigg, Paintsville, for appellees.

MONTGOMERY, Judge.

Earl Lyon and Cratis Collier appeal from a joint judgment in the total sum of $10,246.25. The estate of Flora Jean Prater recovered $8,000. Tennessee Prater, Opal Prater, and Bobby Jean Prater, individually, recovered $1,043.25, $1,098, and $105, respectively. The damages awarded were compensation for injuries sustained in the collision between Lyon's and Collier's automobiles.

Both Lyon and Collier urge that their respective motions for a directed verdict made at the close of plaintiffs' testimony should have been sustained and that the damages awarded Tennessee Prater and Opal Prater are excessive. In addition, Lyon contends that the verdict is flagrantly against the evidence and that the closing argument of plaintiffs' counsel was inflammatory and prejudicial.

■ There is no merit in Lyon's last contention, since there was no objection made during the course of the argument. In the absence of a timely objection, this question cannot be considered on appeal. Mahan v. Able, Ky., 251 S.W.2d 994; Louisville & N. R. Co. v. Howe, Ky., 255 S.W.2d 979; Triplett v. Napier, Ky., 286 S.W.2d 87.

The collision occurred on a two-lane highway near Blaine on July 22, 1956, about 9:30 p.m. The front seat of the Lyon car,

a 1954 Chevrolet, was occupied by Lyon, the driver; Patsy Sue, his daughter; and Mary, his wife. The four Praters occupied the rear seat. Cratis Collier was driving his 1950 Ford, with Edgel Collier on the front seat and Elmer Collier and Billy Barker on the rear seat.

The cars collided as the Collier car was descending and the Lyon car was ascending Blaine Hill. The distance by highway from top to bottom of the hill is about one mile. There are six or seven curves in this section of the highway. Each car emerged from a curve just prior to the collision and overturned on its right side of the highway.

The appellants questioned the sufficiency of the evidence at each stage of its introduction. Each now insists that the plaintiffs' evidence is insufficient to charge him with liability.

■ Without giving the details, the testimony introduced in behalf of the plaintiffs, appellees, was to the effect that the Lyon car was "straddling" or over the center line of the highway and that the Collier car came down the hill by the light of a single headlight, with tires screaming, but on its proper side of the highway. The position of the Lyon car was fixed by observation of oil and tire marks. At this stage of the proof, the evidence showed Lyon to have been negligent by reason of having driven his car on the wrong side of the road. His motion for a direct verdict made at this point was correctly overruled. It is doubtful if any culpable negligence had been shown as to Collier, whose motion also was overruled.

■ Neither Lyon nor Collier elected to stand on the ruling on his motion for a directed verdict. Collier introduced his proof next which tended to establish that Lyon's negligence, already mentioned, was the sole cause of the collision. Lyon then introduced his proof to the effect that Collier had been driving down the hill at an excessive rate of speed, had lost control of his car, and had crashed it into the left side of the Lyon car, thereby making a showing of negligence on the part of Collier. Thus, there was a conflict in the evidence as to what negligence was the cause of the collision and the resulting injuries. Under such circumstances, the trial court correctly overruled Lyon's motion for a direct verdict made at the conclusion of all the evidence and submitted the case to the jury. Hundley v. Gossett, Ky., 278 S.W.2d 65; Wilson v. Little, Ky., 293 S.W.2d 715; Woods v. Asher, Ky., 324 S.W.2d 809.

■■ Collier insists that his motion for a directed verdict made at the conclusion of the plaintiffs' evidence should have been sustained. Ordinarily, an error in denying such a motion at the close of the plaintiff's evidence is held to be cured when the defendant by his subsequent testimony has supplied the omission in plaintiff's case. Springfield Fire & Marine Insurance Company v. Ramey, 245 Ky. 367, 53 S.W.2d 560; Kennedy Transfer Co. v. Greenfield's Adm'x, 248 Ky. 708, 59 S.W.2d 978; Paducah Dry Goods Co. v. Thompson, 308 Ky. 12, 213 S.W.2d 440; Kentucky Aerospray v. Mays, Ky., 251 S.W.2d 460. At the conclusion of all the testimony, a plaintiff is entitled to the benefit of any facts which may have been developed by the defendant in order to sustain his cause of action. Sarver v. Lawson's Adm'r, Ky., 265 S.W.2d 470.

■■ The refusal of Collier to submit the case without introducing witnesses in his own behalf waived his right to rely on the insufficiency, if any, of the plaintiffs' testimony. Eureka Elkhorn Coal Co. v. Lawson, 195 Ky. 14, 241 S.W. 335. The error, if any, in denying Collier's motion for a directed verdict was cured by the subsequent proceedings. Matlack v. Sea, 144 Ky. 749, 139 S.W. 930. It has been held that the proper practice before directing a verdict in favor of one of two or more defendants is to allow the other defendant to present his testimony on the question of the liability of each and all the defendants, and evidence of one defendant, as here, may

inculpate the other the same as though proved as a part of the plaintiff's case. Smith v. Lit Brothers, 174 Pa.Super. 102, 100 A.2d 390; 88 C.J.S. Trial Section 257, page 672. Cf. Carson v. Weston Hotel Corp., 351 Ill.App. 523, 115 N.E.2d 800. Whatever merit, if any, there may have been in Collier's position falls by reason of his failure to stand on the ruling denying his motion for a directed verdict when he proceeded with the introduction of testimony. The shortcomings of appellees' case as to Collier were supplied by the testimony of Lyon's witnesses which made a showing of negligence as to Collier, thus raising a proper issue for submission to the jury.

Appellants insist that the damages of $1,043.25 and $1,098 awarded to Tennessee and Opal Prater, respectively, are excessive. Tennessee was "knocked unconscious" in the collision. Her local physician said that she "had a contusion and an abrasion of the left eye and face area, a contusion of the left knee and thigh, and a cerebral concussion," and that a temporary impairment of the hearing would result from the latter injury. The same physician testified that Opal, eleven years of age, suffered "multiple face lacerations, and a contusion of the left knee." He said one of the lacerations was in the area of an eye. A neurosurgeon who examined Opal found no abnormal symptoms except for a dilated left pupil, which he considered the only injury that could have been permanent. An optometrist testified that the pupil of Opal's left eye was larger than the right, that her vision had been corrected by glasses, and that the cause of the pupil inequality could have been trauma, but was unable to say so definitely. The only possible permanent injury was the one to Opal's eye. Apparently the jury awarded each $1,000 for the injuries suffered plus medical expenses.

The test of excessiveness of a verdict for damages is whether the award is so great as to strike the mind at first blush as being the result of passion and prejudice. Williams v. Larkin, Ky., 268 S.W. 2d 394; Marcum v. Hedger, Ky., 303 S.W.2d 558. The determination of the propriety of personal injury verdicts depends upon the facts of the particular case and what compensation has been upheld for similar injuries, giving consideration to changed economic conditions since the precedents were established. Hedges v. Neace, Ky., 307 S.W.2d 564; Field Packing Co. v. Denham, Ky., 342 S.W.2d 524.

Appellants rely on Pagliro v. Cleveland, 302 Ky. 306, 194 S.W.2d 647, a 1946 case, wherein an award for $1,000 was reversed as being excessive. The injuries sustained were similar to the injuries here suffered. However, since then, similar awards have been upheld. Spartman v. Rowlett, Ky., 312 S.W.2d 618; Davis v. Davis, Ky., 333 S.W.2d 753; Taulbee v. Mullins, Ky., 336 S.W.2d 597. The damage awards here questioned do not merit reversal for excessiveness.

Judgment affirmed.