Robert Glenn SEAMAN et al., Appellants,

v.

Lawrence E. CASTELLINI et al., Appellees.

Court of Appeals of Kentucky.

May 26, 1967.

Andrew W. Clark, Hughes, Clark & Burke, Covington, for appellants.

Robert F. Greene, William P. McEvoy, Burlington, Raymond R. Vincent, Florence, James A. Nolan, Covington, for appellees.

WILLIAMS, Chief Justice.

The appellees Mr. and Mrs. Lawrence E. Castellini filed an action in the Boone Circuit Court seeking damages against the City of Florence, W. L. Harper Company, O. G. Loomis and Son, and four neighboring property owners. They claimed they had suffered damages from flooding due to the negligent construction of a sanitary sewer. The City of Florence cross-claimed against W. L. Harper Company and O. G. Loomis and Son. Before the case went to trial the court dismissed the claim against the four neighboring property owners. A jury returned a verdict against the City of Florence, W. L. Harper Company and O. G. Loomis and Son in the amount of $10,000. On the City of Florence cross-claim the jury returned a verdict against O. G. Loomis and Son in the amount of $8,211.80, the cost of reconstruction of the sewer. The City of Florence and W. L. Harper Company paid their portion of the judgment. O. G. Loomis and Son has appealed.

In April 1960, the City of Florence had a sanitary sewer line built along appellees' street. W. L. Harper Company was the contractor. Loomis and Son was the engineer. The main sanitary sewer line was on appellees' side of the street. A city ordinance required residents to make connections at designated points along the street. Property owners on the opposite side of the street had to build their sewer lines across a storm sewer in order to reach the main sanitary sewer line. These connecting lines disrupted the flow of the storm sewer causing repeated overflow onto appellees' property. The damage complained of resulted.

On the trial of the case, after the appellees had concluded presenting their evidence, the appellants made a motion for

a directed verdict, which was overruled. The ground was the appellees had failed to establish facts sufficient to sustain their allegation that appellants were guilty of negligence. Testimony of civil engineers later taken was sufficient to present the question of appellants' negligence to the jury. It is the rule that a plaintiff is entitled to the benefit of any facts developed by either party which might sustain his cause of action. Such facts may be developed by a defendant or a co-defendant. If it was error to overrule appellants' motion at the time it was made, the error was cured when subsequent testimony supplied the omission in appellees' case. Lyon v. Prater, Ky., 351 S.W.2d 173 (1961).

Appellants now allege that appellees were not entitled to recover on the ground they assumed the risk of damages by building an apartment building on a low lot. That defense was not pleaded, CR 8.03, and was waived. At any rate the jury was properly instructed and found in favor of appellees.

Before this case was tried the circuit court ordered the City of Florence to reconstruct the sewer. The order provided in part:

"* * * the entry of this order shall not constitute an admission of liability or an admission against interests to the prejudice of any of the parties in a trial upon the merits in the cause."

The entry of that order was not a judicial determination of liability as alleged by appellants.

Finally, appellants complain the court erred in submitting the City of Florence's cross-claim to the jury in view of the fact the City was found jointly liable with appellants and W. L. Harper Company. The joint liability of the three defendants was based on a complaint for damages to a building. The cross-claim of the City was for sewer reconstruction or repair rendered necessary by appellants' negli-

gence. This then does not raise a question of contribution between joint tort-feasors. In effect there were two actions; one for damages caused by flooding a property owner's building, and the other for damages caused the City by the necessity of reconstructing the sewer.

We find no reversible error in the case.

The judgment is affirmed.

All concur.