**Mary HEFLIN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 17, 1985.

Joseph S. Freeland, Paducah, for appellant.

David L. Armstrong, Atty. Gen., David A. Smith, Asst. Atty. Gen., Frankfort, for appellee.

Before COMBS, DUNN and MILLER, JJ.

COMBS, Judge.

This is an appeal from the judgment of the McCracken Circuit Court which affirmed appellant's conviction in district court of distributing obscene materials under KRS 531.020.

Appellant's arrest and conviction arose out of her employment with Beltline News and Arcade Club, Inc., a Kentucky corporation. The club's "members" enjoyed access to exotic literature, motion pictures, novelties and artifacts, and appellant's duties included renting or selling the inventory, assisting customers, and admitting new members. Appellant was charged with violating KRS 531.020 after she sold a movie entitled "Craig's Double Dream" and a magazine called "Swedish Erotica No. 26" to an undercover investigator with the Kentucky State Police.

The prosecution called the investigating officer and the Paducah City License Inspector as witnesses at trial, and their testimony comprised the Commonwealth's case-in-chief. At that point, appellant moved for a directed verdict on the theory that the state failed to prove she sold the items with knowledge of their content and character, an essential element of the crime under the statute. See *Smith v. California*, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959). Although the Commonwealth's evidence was extremely weak, the trial court denied the motion, so appellant took the stand and presented her case.

The jury found appellant guilty, and imposed a $250.00 fine and a thirty-day jail sentence.

The sole issue on appeal is whether the trial court erred in overruling appellant's motion for a directed verdict at the close of the state's case. There is no criminal rule in Kentucky dealing with directed verdicts as such, but RCr 13.04 imports the Civil Rules into criminal proceedings to the extent that they are not superceded by or inconsistent with the criminal rules.

CR 50.01 states that "(a) party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted ... to the same extent as if the motion had not been made." However, if a party chooses to proceed with his case after the motion is denied, he assumes the risk that his evidence will fill the gaps in his opponent's case, forfeiting his claim of error. According to *Lyon v. Prater*, Ky., 351 S.W.2d 173 (1961), "an error in denying such a motion at the close of the plaintiff's evidence is held to be cured when the defendant by his subsequent testimony has supplied the omission in the plaintiff's case."

■ In this case, the record shows that appellant's testimony cured any defect in the state's case, so the lower court did not err in affirming her conviction.

The judgment of the McCracken Circuit Court is affirmed.

All concur.